**AKERMAN LLP**
MARISSA ALGUIRE (SBN 249755)
DAMIEN DELANEY (SBN 246476)
MOJAN ANARI (SBN 298865)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342
Email:  marissa.alguire@akerman.com
          damien.delaney@akerman.com
          mojan.anari@akerman.com

*Attorneys for Defendant*
AIRPORT TERMINAL SERVICES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ALBERTO PRADO on behalf of himself and all others similarly situated<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AIRPORT TERMINAL SERVICES, INC. a Missouri corporation and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.<br><br>[Superior Court of California, Alameda County Case No. 23CV057137]<br><br>**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, 1453]**<br><br>[Concurrently filed with Civil Cover Sheet; Corporate Disclosure Statement; Certification of Conflicts and Interested Parties; and Declarations of Brandy Frazier]<br><br>Complaint Filed:  December 19, 2023<br>Trial Date:　　　None |

*Left margin:* AKERMAN LLP  601 WEST FIFTH STREET, SUITE 300  LOS ANGELES, CALIFORNIA 90071  TEL.: (213) 688-9500 – FAX: (213) 627-6342

# **TABLE OF CONTENTS**

I.    STATEMENT OF JURISDICTION ...................................................1

II.   SUMMARY OF PLEADINGS, PROCESS, AND ORDERS .......................1

III.  THE REMOVAL IS TIMELY ........................................................3

IV.  STATEMENT OF FEDERAL QUESTION JURISDICTION.....................3

V.   JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS
ACT ......................................................................................4

    A.   The Purported Class Contains at Least 100 Members ....................6

    B.   There is Diversity of Citizenship Between at Least One Proposed
Class Member and One Defendant ..........................................6

    C.   The Alleged Amount in Controversy Exceeds $5,000,000 ..................9

VI.  REMOVAL IS ALSO PROPER BASED ON COMPLETE DIVERSITY..16

    A.   The Amount in Controversy Exceeds $75,000 ..................................16

        1.   Plaintiff's Overtime Claims.......................................................17

        2.   Plaintiff's Meal and Rest Break Claims .................................17

        3.   Plaintiff's Business Expense Reimbursement Claim ..............18

        4.   Plaintiff's Claim for Wage Statements....................................18

        5.   Plaintiff's Claim for Waiting Time Penalties..........................18

        6.   Attorneys' Fees .........................................................................19

VII. STATEMENT OF SUPPLEMENTAL JURISDICTION............................20

VIII. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN
SATISFIED .............................................................................21

IX.  CONCLUSION ..........................................................................22

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL

# TABLE OF AUTHORITIES

**Cases**

*Albrego v. Dow Chemical Co.*,
   443 F.3d 676 (9th Cir. 2006) ...................................................................................... 8

*Armstrong v. Church of Scientology Int'l*,
   243 F.3d 546 (9th Cir. 2000) ...................................................................................... 7

*Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*,
   465 F.2d 489 (9th Cir. 1972) .................................................................................... 17

*Boon v. Allstate Ins. Co.*,
   229 F. Supp. 2d 1016 (C.D. Cal. 2002) ..................................................................... 7

*Brady v. Mercedes-Benz USA, Inc.*,
   243 F. Supp. 2d 1004 (N.D. Cal. 2002) ................................................................... 14

*Brinker v. Superior Court*,
   53 Cal. 4th 1004 (2012) .............................................................................. 12, 13, 17

*Campbell v. Vitran Exp., Inc.*,
   471 F. App'x 646 (9th Cir. 2012) ........................................................................ 9, 10

*Chavez v. JPMorgan Chase & Co.*,
   888 F.3d 413 (9th Cir. 2018) .................................................................................... 16

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   135 S.Ct. 547 (2014) ................................................................................................... 9

*Executive Software v. U.S. Dist. Court*,
   24 F.3d 1545 (9th Cir. 1994) .................................................................................... 21

*Franco v. E-3 Sys.*,
   2019 WL 6358947 (N.D. Cal. Nov. 8, 2019) .......................................................... 21

*Fritsch v. Swift Transportation Co. of Arizona, LLC*,
   899 F.3d 785 (9th Cir. 2018) .................................................................................... 15

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150 (9th Cir. 1998) ............................................................................ 15, 16

*Guglielmino v. McKee Foods Corp.*,
   506 F.3d 696 (9th Cir. 2007) .................................................................................... 15

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Harrington v. Mattel, Inc.*,
2007 WL 4556920 (N.D. Cal. Dec. 20, 2007) ...................................................... 8

*Hertz Corp. v. Friend*
130 S.Ct. 1181 (2010) .......................................................................................... 8

*Hurd v. American Income Life Insurance*,
2013 WL 5575073 (C.D. Cal. Oct. 13, 2013) ..................................................... 15

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) ............................................................................... 7

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
199 F. Supp. 2d 993 (C.D. Cal. 2002) ................................................................. 9

*Landy v. Pettigrew, Inc.*,
2019 WL 6245525, (C.D. Cal. Nov. 22, 2019) ................................................... 21

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986) ............................................................................... 7

*Lewis v. Verizon Communications Inc.*,
627 F.3d 295 (9th Cir. 2010) ............................................................................. 11

*Lippold v. Godiva Chocolatier, Inc.*,
2010 WL 1526441 (N.D. Cal. Apr. 15, 2010) .................................................... 19

*Lyon v. W. W. Grainger Inc.*,
2010 WL 1753194 (N.D. Cal. Apr. 29, 2010) .................................................... 19

*Mejia v. DHL Express (USA), Inc.*,
2015 WL 2452755 (C.D. Cal. May 21, 2015) .................................................... 18

*Melendez v. HMS Host Family Restaurants, Inc.*,
2011 WL 3760058 (C.D. Cal. Aug. 25, 2011) ................................................... 15

*Newcombe v. Adolf Coors Co.*,
157 F.3d 686 (9th Cir. 1998) ............................................................................... 8

*Rhoades v. Progressive Casualty Ins.*,
Co., 410 F. App'x 10 (9th Cir. 2010) ................................................................. 11

*Singer v. State Farm Mutual Auto Ins. Co.*,
116 F.3d 373 (9th Cir. 1997) ............................................................................. 10

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Smith v. Simmons*,
   2008 WL 744709 (E.D. Cal. Mar. 18, 2008) .......................................................7

*State Farm Fire & Cas. Co. v. Byrd*,
   710 F. Supp. 1292 (N.D. Cal. 1989) ..............................................................8

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) .......................................................................7

*Unger v. Del E. Webb Corp.*,
   233 F. Supp. 713 (N.D. Cal. 1964) ..............................................................8

*Washington v. Hovensa LLC*,
   652 F.3d 340 (3rd Cir. 2011) .......................................................................7

**Statutes**

28 U.S.C. § 84(a) ..................................................................................4, 21

28 U.S.C. § 1331 ...............................................................................1, 3, 4

28 U.S.C. § 1332 ...................................................................................1, 8

28 U.S.C. § 1332(a) ...............................................................1, 16, 20, 21

28 U.S.C. § 1332(d) ...........................................................................1, 4, 9

28 U.S.C. § 1332(d)(2) .....................................................................4, 16

28 U.S.C. §§ 1332(d)(2)(A) ...................................................................6

28 U.S.C. § 1332(d)(4) .............................................................................8

28 U.S.C. § 1332(d)(4)(B) .......................................................................8

28 U.S.C. § 1332(d)(5) .............................................................................4

28 U.S.C. § 1332(d)(6) .............................................................................9

28 U.S.C. § 1367 .......................................................................................1

28 U.S.C. § 1367(a) ...............................................................................20

28 U.S.C. § 1441 ..............................................................................1, 4, 21

28 U.S.C. § 1441(a) ............................................................................4, 21

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

28 U.S.C. § 1441(b)(1) ............................................................................8

28 U.S.C. § 1446 ...............................................................................1, 21

28 U.S.C. § 1446(b) ...............................................................................3

28 U.S.C. § 1446(c)(2)(A)(i) ...............................................................17

28 U.S.C. § 1446(d) .............................................................................21

Business & Professions Code §§ 17200, *et seq.* ..................................2

California Code of Civil Procedure § 382 ............................................5

California Labor Code § 201 ...........................................................2, 14

California Labor Code § 202 ...........................................................2, 14

California Labor Code § 203 .....................................................2, 14, 18

California Labor Code § 204 .................................................................2

California Labor Code § 218.5 .............................................................2

California Labor Code § 226 .........................................................13, 18

California Labor Code § 226(a) ..........................................................18

California Labor Code § 226(b) ............................................................2

California Labor Code § 226.7 ...........................................2, 12, 13, 17

California Labor Code § 226.7(c) ........................................................12

California Labor Code § 246 .................................................................2

California Labor Code § 510 ......................................................2, 11, 14

California Labor Code § 512 ...........................................................2, 14

California Labor Code § 1024.5 ............................................................2

California Labor Code §1194 ..........................................................2, 14

California Labor Code § 1199 ...............................................................2

California Labor Code §§ 2699, *et seq.* ...............................................2

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

California Labor Code § 2802 ...................................................................................2

Class Action Fairness Act of 2005 ....................................................1, 8, 9, 10, 16

Class Action Fairness Act of 2005 § 4 ....................................................................4

Consumer Credit Reporting Agencies Act,
    California Civil Code §§ 1785, *et seq.* ............................................................2

Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*.......................................2, 3

Fair Credit Reporting Act, 15 U.S.C. § 1681(b)(2)(A) ..........................................3

Investigative Consumer Reporting Agencies Act,
    California Civil Code § 1786, *et seq.* ..............................................................2

**Rules**

Fed. R. Civ. P. Rule 16 .........................................................................................19

Fed. R. Civ. P. Rule 26(f) .....................................................................................19

Fed. R. Civ. P. Rule 30(b)(6) ................................................................................19

**Other Authorities**

Article III of the United States Constitution...........................................................20

H.R.Rep. No. 112–10, p. 16 (2011).........................................................................9

Staff of S. Comm. On the Judiciary, 109th Cong.
    *Rep. on The Class Action Fairness Act of 2005*, 42 (Comm. Print 2005)...........9

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Airport Terminal Services, Inc. ("Defendant" or "ATS") hereby respectfully removes the above-entitled action from the Superior Court of the State of California, County of Alameda to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1453.

## I.    STATEMENT OF JURISDICTION

1.    Removal is proper because this Court has original jurisdiction under 28 U.S.C. § 1331, asserting federal question jurisdiction, as well as under the Class Action Fairness Act of 2005 ("CAFA"), which amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if the proposed class consists of at least 100 members; the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and one member of the proposed class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d). As demonstrated below, this action meets all of CAFA's removal requirements and is timely and properly removed by the filing of this Notice. Defendant also removes this action pursuant to supplemental jurisdiction under 28 U.S.C. § 1367, and, on a separate basis, pursuant to diversity jurisdiction under 28 U.S.C. §§ 1332(a), 1441, and 1446.

## II.    SUMMARY OF PLEADINGS, PROCESS, AND ORDERS

2.    On or about December 19, 2023, Alex Alberto Prado ("Plaintiff") filed a Complaint in the Superior Court of State of California in and for the County of Alameda, entitled *Alex Alberto Prado v. Airport Terminal Services, Inc.*, Case No. 23CV057137 (hereinafter "State Court Action"). A copy of the Summons and Complaint was served at ATS's California registered corporate agent for service of process, on January 30, 2024. (*See* Exhibit 8). True and correct copies of all process, pleadings, and orders are attached as **Exhibit 1** through **Exhibit 8** and incorporated

herein by reference as if set forth in full.

3.    Defendant cannot confirm based on the docket in the State Court Action whether Plaintiff has filed the First Amended Complaint ("FAC") in the State Court Action.  However, a copy of the Summons and FAC was received at ATS's California registered Corporate agent for service of process, on February 23, 2024. (*See* Declaration of Brandy Frazier ("Frazier Decl."), attached as **Exhibit 9**, ¶ 3; **Exhibit A**. The FAC is a purported class action alleging the following causes of action: (1) failure to pay lawful wages including minimum and/or overtime wages (Lab. Code §§ 510, 1194, 1199); (2) failure to provide lawful meal periods or compensation in lieu thereof (Lab. Code §§ 226.7, 512); (3) failure to provide rest periods or compensation in lieu thereof (Lab. Code § 226.7); (4) failure to reimburse employment expenses (Lab. Code § 2802); (5) failure to pay correct sick pay compensation (Lab. Code §§ 246, 218.5); (6) failure to timely pay wages during employment (Lab. Code § 204); (7) failure to pay wages due at termination (Lab. Code §§ 201-203); (8) knowing and intentional failure to comply with itemized employee wage statement provisions (Lab. Code § 226(b)); (9) violations of the Fair Credit Reporting Act (15 U.S.C. §§ 1681, *et seq*.); (10) violation of the Consumer Credit Reporting Agencies Act (Lab. Code § 1024.5, Civ. Code §§ 1785, *et seq.*); (11) violation of the Investigative Consumer Reporting Agencies Act (Civ. Code § 1786, *et seq*.); (12) unfair competition (Bus. & Prof. Code §§ 17200, *et seq.*); and (13) Private Attorneys General Act (Lab. Code §§ 2699, *et seq*.)

4.    To ATS's knowledge, as of the date of this Notice of Removal, ATS has been served with a copy of the Summons and Complaint and the FAC. Defendants Does 1 through 50 are presently unnamed and unknown and, therefore, have not been served with the Summons and Complaint or the FAC. FAC, ¶ 8.

5.    There is an Initial Case Management Conference scheduled for April 16, 2024 in the State Court Action. There are no hearings or other proceedings in the State Court Action, and ATS has not received or filed any papers or pleadings in the State Action other than those attached hereto as **Exhibits 1** through **Exhibit 8**, and **Exhibit**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**A** to the Frazier Declaration attached hereto as **Exhibit 9** and incorporated herein by reference as if set forth in full.

## III.    THE REMOVAL IS TIMELY

6.    This Notice of Removal is timely in that 28 U.S.C. § 1446(b) requires that a notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint. 28 U.S.C. § 1446(b). Plaintiff filed his original Complaint in Alameda Superior Court on December 19, 2023. ATS was served with the original Complaint on January 30, 2024. ATS is filing this Notice of Removal within thirty days of service of the Summons and Complaint. Accordingly, this Notice of Removal is timely.

7.    No previous Notice of Removal has been filed or made with this Court for the relief sought.

## IV.    STATEMENT OF FEDERAL QUESTION JURISDICTION

8.    "[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court has original jurisdiction over this action based on federal question jurisdiction because Plaintiff's ninth cause of action for "[v]iolation of 15 U.S.C. § 1681 *et seq.* arises under federal law.

9.    In this action, Plaintiff asserts claims under Section 1681(b)(2)(A) of the Fair Credit Reporting Act ("FCRA"). FAC, ¶¶ 76-82. Specifically, the Court will be required to construe, interpret, and apply the FCRA. *E.g.,* FAC, ¶¶ 77-80 (alleging claims based on whether ATS violated the FCRA "by not adhering to the statutory requirements prior to obtaining a consumer report on Plaintiff and Class Members for employment purposes[]" or by "failing to provide Plaintiff and Class Members clear and conspicuous notice of the type of background check to be performed by Defendants[]" or by "requiring Plaintiff and Class Members to execute one document which purports to provide notice of the background check to be performed and which contained contradictory information and failed to clearly and accurately disclose the

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    type of investigative consumer to be obtained by Defendant" and whether "Plaintiff and
2    Class Members have been deprived of their consumer rights and prevented from making
3    informed decisions about whether to permit Defendants to obtain their personal
4    information and have been injured by the violation of their privacy and statutory rights
5    as a result of Defendant's procurement of credit and background reports in violation of
6    the FCRA."). Accordingly, this action presents a federal question over which this Court
7    has original jurisdiction under 28 U.S.C. § 1331, and removal is proper.

**V.    JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

10.    Section 4 of CAFA sets forth the general rule that "[t]he district courts
shall have original jurisdiction of any civil action in which the matter in controversy
exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class
action in which . . . any member of a class of plaintiffs is a citizen of a State different
from any defendant." 28 U.S.C. § 1332(d)(2).

11.    Section 4 of CAFA further states that the jurisdictional rule set forth in 28
U.S.C. § 1332(d)(2) applies only to a class action in which the number of members of
all proposed plaintiff classes, in the aggregate, is 100 or more. 28 U.S.C. § 1332(d)(5).

12.    The State Court Action is a civil action over which this Court has
jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), and this action may be removed
by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), because the proposed
plaintiff class consists of at least 100 members, the total amount in controversy exceeds
$5,000,000, and there is diversity between at least one proposed class member and one
defendant.

13.    Venue lies in the United States District for the Northern District of
California, pursuant to 28 U.S.C. §§ 84(a), 1441, and 1446(a). This action was
originally brought in the Alameda County Superior Court, which is located within the
Northern District of California. Venue is proper with this Court because it is the "district
and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

14.    Defendant is the only defendant that has been named and served in this

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

matter.

15.    Plaintiff brought this action on behalf of himself and all others similarly situated as a putative class action pursuant to California Code of Civil Procedure § 382, a state statute authorizing an action to be brought by one or more representative persons as a class action. FAC, ¶¶ 1, 32-33. Plaintiff seeks to represent "[a]ll persons who are or were employed by Defendants in the state of California as hourly non-exempt employees within four (4) years prior to the date of this lawsuit is filed ('liability period') until resolution of this lawsuit (collectively referred to as the 'Class' and/or [']Class Members'). ("Class Members.") FAC, ¶ 27. Additionally, Plaintiff seeks to represent nine subclasses which are composed of the persons satisfying the following definition ("Subclasses"):

a.    "All Class Members in the state of California who were not accurately and fully paid all lawful wages owed to them including proper minimum wage and/or overtime compensation for all their hours worked[.]" *Id.* at ¶ 30(a).

b.    "All Class Members in the state of California who received per diem compensation and were not accurately and fully paid overtime compensation[.]" *Id.* at ¶ 30(b).

c.    "All Class Members in the state of California who have not been provided compliant 30 minute meal period when they worked over five hours in a work shift by the end of the fifth hour and were not provided compensation in lieu thereof[.]" *Id.* at ¶ 30(c).

d.    "All Class Members in the state of California who, within the liability period, have not been authorized and permitted to take a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked per pay and were not provided compensation in lieu thereof[.]" *Id.* at ¶ 30(d).

e.    "All Class Members in [the] state of California who, within the liability period, were not indemnified for expenses incurred in direct consequence of the discharge of their duty[.]" *Id.* at ¶ 30(e).

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

f.    "All Class Members in [the] state of California who, within the liability period, were not correctly paid sick pay wages[.]" *Id.* at ¶ 30(f).

g.    "All Class Members in the state of California who, within the liability period, were not timely paid all wages due and owed to them during their employment with Defendant[.]" *Id.* at ¶ 30(g).

h.    "All Class Members in the state of California, who, within the liability period, were not timely paid all wages due and owed to them upon the termination of their employment with Defendant[.]" *Id.* at ¶ 30(h).

i.    "All Class Members in the state of California who, within the liability period, were not provided with accurate and complete itemized wage statements[.]" *Id.* at ¶ 30(i).

## A.    The Purported Class Contains at Least 100 Members

16.    In the FAC, Plaintiff alleges that the Class Members are "so numerous that joinder of all the members of the Class is impracticable" and that ATS "currently employ[s], and/or during the relevant time period employed, approximately [sic] over 100 Non-Exempt Employees in California who are or have been affected by Defendant['s] unlawful practices as alleged herein." FAC, ¶ 33.

17.    Based on a review of its business records, ATS has determined that the aggregate number of Class Members exceeds 3,000. Frazier Decl., ¶ 6a. Therefore, there are well over 100 members in the purported class.

## B.    There is Diversity of Citizenship Between at Least One Proposed Class Member and One Defendant

18.    CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states, since Plaintiff is a citizen of California, while Defendant is a citizen of the states of Missouri and Florida. Frazier Decl., ¶ 4.

19.    **Plaintiff's Citizenship.** For diversity purposes, a person is a "citizen" of

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

the state in which they are domiciled. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

20.     Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile. *Id*.

21.     Defendant is informed and believes that Plaintiff is, and was at the time of the institution of this civil action, a citizen and resident of the State of California and worked for ATS in Oakland, California. Frazier Decl., ¶ 7. Plaintiff alleges that he worked for ATS in California. FAC, ¶ 2. Plaintiff alleges that, at all times, he was a resident of California. FAC, ¶ 6.  Plaintiff also limits the putative class to current and former non-exempt employees who worked for ATS in the State of "California." FAC, ¶ 2. Plaintiff does not allege that he was a citizen of any state other than California. The allegations by Plaintiff establish that he is a citizen of the State of California. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity citizenship); *see also Smith v. Simmons,* No. 1:05-CV-01187-022-GS, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (alleged place of residence provides "prima facie" proof of domicile). Thus, Plaintiff was domiciled in the State of California, and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

22.     **Defendant's Citizenship**[1]. ATS is now, and was at the time this action

---

[1] CAFA's "home state" exception does not apply to this case. The home state exception requires: (1) two-thirds or more of the members of the proposed class in aggregate to be citizens of the state in which the action is filed; and (2) all the "primary defendants"

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

was commenced, a citizen of the states of Missouri and Florida within the meaning of 28 U.S.C. § 1332. Frazier Decl., ¶ 4.  Defendant is a corporation organized and existing under the laws of the state of Missouri with its headquarters and principal place of business located in Florida. *Id.*  In *Hertz Corp. v. Friend,* the United States Supreme Court held that the "nerve center" test is used  to determine a corporation's "principal place of business." 130 S. Ct. 1181, 1192 (2010). To this end, the Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id*. Defendant's principal place of business is indisputably Florida based upon the following factors[2]: (1) it is where the company's home office is located; (2) where the direct, control, and coordination of the company business activities takes place; (3) where high-level executives and administrative operations are managed and operated; (4) where policy decisions are made; and (5) where the administrative and financial records are kept. Frazier Decl., ¶ 4.

23.    **Doe Defendants.** Plaintiff has also named as Defendant Does 1 through 50. For the purposes of removal based on diversity, the citizenship of these "Doe" defendants shall be disregarded. 28 U.S.C. § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (same). The existence of the alleged Doe Defendants thus does not impact this Court's removal jurisdiction. *Albrego v. Dow Chemical Co.,* 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied to CAFA removal).

---

to be citizens of the state in which the action is filed. (28 U.S.C. § 1332(d)(4)(B); *Harrington v. Mattel, Inc.,* 2007 WL 4556920, *5 (N.D. Cal. Dec. 20, 2007)). At a minimum, Defendant is alleged as the only, and therefore, a primary Defendant, and is a citizen of Florida. Similarly, CAFA's "local controversy" exception is not applicable because ATS is not a citizen of California and, thus, all requirements per 28 U.S.C. § 1332(d)(4) cannot be met.

[2] These factors have previously been considered by courts in determining a corporation's "nerve center." *See, e.g., Unger v. Del E. Webb Corp.,* 233 F. Supp. 713, 715 (N.D. Cal. 1964); *see also, State Farm Fire & Cas. Co. v. Byrd,* 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**C.    The Alleged Amount in Controversy Exceeds $5,000,000**

24.    Pursuant to CAFA, the articulated claims of all class members are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(6). Significantly, Congress intended federal jurisdiction to exist under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.,* damages, injunctive relief, or declaratory relief)." Staff of S. Comm. On the Judiciary, 109th Cong. *Rep. on The Class Action Fairness Act of 2005*, 42 (Comm. Print 2005). Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubt regarding the applicability of CAFA and maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 42-43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with strong preference that interstate class actions should be heard in federal court if properly removed by any defendant.")

25.    A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014). The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.,* quoting H.R.Rep. No. 112–10, p. 16 (2011).

26.    In assessing the amount in controversy, a court must "assume that the allegations of the Complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the Complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley*

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In *Vitran,* the court held that it was proper for a defendant in a putative wage and hour class action to establish the amount in controversy requirement for purposes of CAFA by assuming a reasonable number of rest period violations per class member per pay period. *Vitran*, 471 Fed. App. at 648. Noting that the plaintiffs alleged that their claims were "typical" of the other putative class members, the Court also found it proper to multiply the plaintiffs' claimed damages by the number of putative class members in order to meet the amount in controversy requirement. *Id.* at 649. In addition to the allegations of the complaint, a district court may consider the contents of the removal petition and any supporting evidence in determining whether the jurisdictional amount has been established. *See Singer v. State Farm Mutual Auto Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997).

27. Defendant denies Plaintiff's allegations of misconduct and intends to defend them vigorously against all of Plaintiff's causes of action. Nevertheless, and without admitting that Plaintiff and/or any member of the putative class can recover any damages, when one considers the maximum potential value of the claims of Plaintiff and the Class Members and Subclasses are aggregated, the number of alleged Class Members, the number of alleged violations of California law, the statute of limitations period embraced by the alleged claims, and the putative class definitions alleged in the State Court Action, the aggregate amount in controversy presented by the case exceeds $5,000,000[3] for the purposes of removal based on the following:

28. For purposes of determining the aggregate amount in controversy[4] for this

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's FAC. ATS references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. ATS maintains that each of Plaintiff's claims is without merit and that ATS is not liable to Plaintiff or any Class Member. In addition, ATS denies that liability or damages can be established on a class wide basis. ATS specifically denies that Plaintiff or the Class Members suffered any damages as a result of any act or omission by ATS. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the FAC or otherwise.

[4] Although Defendant was not required to do so, Defendant has established that the amount in controversy by referencing Plaintiff's allegations and/or by setting forth

10

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

removal, Defendant has identified from its records approximately 3,862 non-exempt employees who worked for ATS in California between March 27, 2021 and February 17, 2024. Frazier Decl., ¶ 6a. The putative class members' hourly rates vary and are dependent upon job title. *Id.* Between March 27, 2021 and February 17, 2024, the average hourly rate for the Class Members was approximately $16.11. *Id.* Between March 27, 2021 and February 17, 2024, the total number of workweeks worked by Class Members totals approximately 125,415. *Id.* The number of pay periods worked by the Class Members is approximately 46,503. *Id.*

29.    **Unpaid Overtime Claim.** The FAC alleges that Plaintiff and the Class Members are entitled to unpaid wages because "Defendant's policies and practices, practices and work shift requirements resulted in Plaintiff and Non-Exempt Employees working 'off the clock' and not receiving compensation for all earned wages including overtime in violation of California state wage and hour laws" and that such practices resulted in Plaintiff and Class Members working "in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without receiving the proper compensation at the rate of time and one-half (1 ½) of such employee's correct regular rate of pay." FAC, ¶¶ 40-41.

30.    ***Total Potential Unpaid Overtime Wages.*** Based on Plaintiff's allegations, and for purposes of this removal, Defendant has identified from its records approximately 125,415 workweeks worked by its non-exempt employees in California between March 27, 2021 and February 17, 2024. Assuming that Plaintiff and the other non-exempt employees were not paid for one hour of overtime per week, the potential amount in controversy under Labor Code § 510 for allegedly failing to provide overtime would be: 1 hour of unpaid overtime per workweek x 125,415 workweeks x $24.16

information in the notice of removal that demonstrate that the amount in controversy is more likely than not to exceed the jurisdictional minimum. *See also, Rhoades v. Progressive Casualty Ins.*, Co., 410 F. App'x 10, 11 (9th Cir. 2010) ("'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon Communications Inc.*, 627 F.3d 295, 401 (9th Cir. 2010)).

($16.11 average hourly rate x 1.5) = $3,030,026 for total amount potentially in dispute as to unpaid overtime wages.

31.    **Meal Period Violations Claim.** The FAC further alleges that Defendant failed to provide and failed to compensate Plaintiff and the Class Members for meal periods. FAC, ¶¶ 44-47. Specifically, Plaintiff alleges that Defendant failed to provide Plaintiff and the Class Members with "a 30 minute uninterrupted meal periods by the end of the 5 hours and/or a second uninterrupted 30 minute meal period by the end of the tenth hour on days in which they worked in excess of 10 hours and not providing compensation for such statutory non-compliant meal periods[.]" FAC., ¶ 45. Plaintiff seeks compensation, premium wages, plus penalties, fees, and costs of suit, and interest in connection with his meal period claim. FAC, Prayer, ¶¶ 1-10.

32.    In California, employees are entitled to one hour of "premium pay" for each day during which a meal period violation occurs. Cal. Lab. Code § 226.7(c). Specifically, pursuant to the California Labor Code, "[i]f an employer fails to provide an employee a . . . meal . . . period in accordance with state law . . ., the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the . . . meal . . . period is not provided." *Id*.

33.    ***Total Potential Liability For Meal Period Claims.*** Taking as true Plaintiff's claim that Defendant did not provide compliant meal periods to its employees, the Class Members could be eligible for one hour of premium pay for meal periods for each day worked. *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012). Here, Defendant assumes a violation rate of two meal period penalties per workweek based on Plaintiff's broad allegations. Assuming that Defendant failed to provide two meal periods each workweek to Plaintiff and the other putative class members, the potential amount in controversy under Section 226.7 for allegedly failing to provide meal breaks would be: 125,415 total workweeks x 2 missed meal periods per workweek x $16.11 (average hourly rate) = $4,040,871.

34.    **Rest Period Violations Claim.** Plaintiff further alleges that ATS failed to

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 ~ FAX: (213) 627-6342

provide "a minimum ten (10) minute rest period for every four hours or major fraction thereof worked per day by Non Exempt Employees[,] and failed to "provide compensation for such non-provided rest periods[.]" FAC, ¶ 50. Plaintiff seeks compensation, premium wages, plus penalties, fees, and costs of suit, and interest in connection with his rest period claim. FAC, Prayer, ¶¶ 1-10.

35.    California Labor Code Section 226.7 provides that if an employer fails to provide rest periods as required by law, the employer shall pay "one additional hour of pay at the employee's regular rate of compensation for each work day that the [ ] rest period was not provided." *Brinker*, *supra,* 53 Cal. 4th at 1039.

36.    ***Total Potential Liability For Rest Period Claims.*** Taking as true Plaintiff's claim that Defendant did not provide compliant rest periods to its employees, the Class Members could be eligible for one hour of premium pay for rest periods for each day worked. *Brinker*, *supra,* 53 Cal. 4th at 1039. Here, Defendant assumes a violation rate of two rest period penalties per workweek based on Plaintiff's broad allegations. Assuming that Defendant failed to provide at least two rest breaks each workweek to Plaintiff and the other putative class members, the potential amount in controversy under Section 226.7 for allegedly failing to provide rest breaks would be: 125,415 workweeks x 2 missed rest breaks per workweek x $16.11 (average hourly rate) = $4,040,871.

37.    **Wage Statement Violations Claim.** Plaintiff alleges that "Plaintiff and Class Members have been injured by Defendant's actions by rendering them unaware of the full compensation to which they are entitled under applicable provisions of the California Labor Code and the applicable IWC Wage Orders" and that "pursuant to Labor Code § 226, Plaintiff and Class Members are entitled up to a maximum of $4,000 each for record-keeping violations." FAC, ¶¶ 73-74.

38.    ***Total Potential Liability For Wage Statement Violations.*** Based on Plaintiff's allegations, and for purposes of this removal, Defendant has identified from its records approximately 46,503 pay periods worked by its non-exempt employees in

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

California between March 27, 2021 and February 17, 2024. Assuming Plaintiff and the 3,861 other putative class members cumulatively worked 46,503 pay periods, and they received $50 per employee for the first pay period and $100 per employee for the subsequent pay periods, not exceeding an aggregate penalty of $4,000 per individual, at least $3,381,800 is potentially in dispute as a result of wage statement violations.

39.    **Waiting Time Penalty Claim.**  Plaintiff seeks penalties under California Labor Code section 203. As set forth in the FAC, Plaintiff alleges that all the Class Members did not receive all wages due upon termination and are owed 30 days' worth of wages as a penalty. FAC, ¶¶ 66-70.

40.    ***Total Potential Liability For Waiting Time Penalties***. Based on Plaintiff's allegations, and for the purposes of this removal, Defendant has identified 2,280 former non-exempt employees who worked for ATS between March 27, 2021 and February 17, 2024. Assuming each former employee is owed waiting time penalties, the total amount potential in dispute is: 2,280 x 6.85 (average shift length) x $16.11 (average rate of pay) x 30 days = $7,548,179 in total potential waiting time penalties.

41.    **Attorneys' Fees.** Further, this putative wage and hour class action asserts claims under various California Labor Code provisions, including sections 201-203, 510, 512, 1194, each of which provide for the award of attorneys' fees to a prevailing employee. Plaintiff seeks to recover attorneys' fees with respect to each of these causes of action – in other words, Plaintiff alleges that each claim separately authorizes the recovery of attorneys' fees. FAC, ¶ 4; Prayer ¶ 6.

42.    Courts have held that an award of attorneys' fees, if such fees are authorized under applicable law, may also be considered for purposes of calculating the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, *a reasonable estimate of fees likely to be incurred to resolution* is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.") (emphasis added); *see also Galt G/S v. JSS Scandinavia*, 142

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

F.3d 1150, 1155-56 (9th Cir. 1998); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Hurd v. American Income Life Insurance*, 2013 WL 5575073 (C.D. Cal. Oct. 13, 2013); *Melendez v. HMS Host Family Restaurants, Inc.*, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011). When estimating attorneys' fees for purposes of removal, the estimated amount is not limited to the fees incurred as of the time of removal. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). The Ninth Circuit held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Id.* at 795 and 796, fn. 6.

43.     Based on the calculations outlined above, and including attorneys' fees, the potential total amount in controversy exceeds $5,000,000.00 as follows:

| Claim | Amount in Controversy |
|---|---|
| Overtime | $3,030,026 |
| Meal Periods | $4,040,871 |
| Rest Periods | $4,040,871 |
| Wage Statements | $3,381,800 |
| Waiting Time | $7,548,179 |
| Attorneys' Fees (25%) | $5,510,437 |
| **Total** | **$27,552,184** |

44.     As certain putative class members are also current employees, and Plaintiff claims that Defendant's unlawful policies are still in place, this amount for the putative

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

class will continue to grow. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018) ("We conclude that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the Complaint operative at the time of removal and encompasses all relief a court may grant on that Complaint if the plaintiff is victorious.").

45.    Thus, although ATS denies Plaintiff's allegations and theories of maximum recovery, denies that he or the putative class he purports to represent are entitled to any of the relief for which they have prayed, and expressly reserves all its defenses, based on Plaintiff's allegations, the potential amount in controversy just on Plaintiff's First through Third and Seventh and Eighth Causes of action exceeds the $5,000,000 threshold set forth under 28 U.SC. §1332(d)(2).

46.    Therefore, Plaintiff's Complaint satisfies the amount in controversy requirement under CAFA.

## VI.    REMOVAL IS ALSO PROPER BASED ON COMPLETE DIVERSITY

47.    Complete diversity exists under 28 U.S.C. § 1332(a) between Plaintiff and ATS because Plaintiff and ATS are citizens of different states. As demonstrated above, complete diversity of citizenship exists between Plaintiff and ATS because Plaintiff is a citizen of California and ATS is a citizen of Florida. *See* Frazier Decl., ¶¶ 4, FAC ¶ 6.

48.    The amount in controversy is also satisfied based on Plaintiff's individual claims.  Removal is therefore proper pursuant to 28 U.S.C. § 1332(a).

### A.    The Amount in Controversy Exceeds $75,000

49.    To establish diversity jurisdiction the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. §1332(a).  In determining whether the jurisdictional minimum is met, the Court is entitled to and should consider all recoverable damages sought by Plaintiff. *Galt G/S*, 142 F.3d at 1155-56 (9th Cir. 1998). In addition, the Court may consider the value of nonmonetary relief sought (28 U.S.C.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

§ 1446(c)(2)(A)(i)) and aggregate claims for monetary and nonmonetary relief brought by a single plaintiff against a single defendant. *See Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

50.     While ATS here denies Plaintiff's factual allegations and further denies that he is entitled to any of the relief for which he has prayed, Plaintiff's allegations place into controversy an amount that exceeds $75,000, exclusive of interest and costs.

### 1.     Plaintiff's Overtime Claims

51.     Plaintiff alleges that he was employed as a ground ramp agent in California from approximately April 14, 2022 to December 20, 2022.  FAC, ¶¶ 2, 9. Based on its records, Plaintiff earned an average hourly rate of $18.57 per hour. Frazier Decl. ¶ 7.

52.     Plaintiff alleges that he was not paid for all earned wages, including overtime in violation of California state wage and hour laws. FAC, ¶¶ 39-43. Assuming Plaintiff worked two hours of unpaid overtime every workweek during the 35 workweeks Plaintiff worked for ATS, the potential amount in controversy for unpaid overtime would be $1,950.

### 2.     Plaintiff's Meal and Rest Break Claims

53.     In the Second and Third Causes of Action, Plaintiff alleges that ATS failed to provide him with meal and rest breaks. FAC, ¶¶ 44-52 . Plaintiff alleges that he is entitled to damages of one hour of pay at the regular rate of pay as provided for in Labor Code Section 226.7 for the alleged denial of meal and rest breaks. *Id.* at ¶¶ 47, 51.

54.     Assuming Defendant was lawfully required to provide such rest breaks to Plaintiff, as is alleged in the FAC, then Plaintiff could potentially recover a premium equal to one hour of pay for each rest period that was purportedly not provided. *See* Labor Code § 226.7; *Brinker*, 53 Cal. 4th at 1039 (2012).

55.     Based on Plaintiff's allegations in the FAC, assuming that ATS failed to provide two meal periods and two rest periods each workweek to Plaintiff, the potential amount in controversy under Section 226.7 for allegedly failing to provide rest breaks totals approximately $2,600.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

### 3.    Plaintiff's Business Expense Reimbursement Claim

56.    Plaintiff alleges that he was not indemnified for expenses incurred in direct consequence of the discharge of his duties, including protective gear and maintenance of his uniform. FAC, ¶¶ 18, 53-56. Assuming ATS was required to reimburse Plaintiff $35 for each month he was employed at ATS, the potential amount in controversy for this claim totals approximately $280.

### 4.    Plaintiff's Claim for Wage Statements

57.    In his Eighth Cause of Action, Plaintiff alleges that ATS failed to provide him with accurate, itemized wage statements under California Labor Code Section 226. FAC, ¶¶ 71-75.

58.    California Labor Code Section 226(a) provides that if an employer fails to provide accurate, itemized wages statements, the employer shall pay the damages employee the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000).

59.    Based on Plaintiff's allegations in the FAC, Plaintiff allegedly did not receive a California-compliant wage statement for any pay period in which he worked during the applicable one-year limitations period. FAC, ¶¶ 71-75. The potential amount in controversy under Section 226 for failing to provide accurate, itemized wage statements to Plaintiff would be: Plaintiff worked approximately 19 pay periods. (1 violation x $50) + (18 pay periods x $100) = $1,850.

### 5.    Plaintiff's Claim for Waiting Time Penalties

60.    In his Seventh Cause of Action, Plaintiff alleges that ATS failed to pay him all wages owed within the time allowed under California Labor Code Section 203. FAC, ¶¶ 66-70.  Accordingly, Plaintiff demands 30 days wages as a penalty under Labor Code § 203 for Defendant's failure to timely pay legal wages. *Id.* at ¶ ; *see, e.g., Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *6 (C.D.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Cal. May 21, 2015).

61.     As a result, the amount in controversy for Plaintiff's Seventh Cause of Action totals approximately $3,816. (30 days x 6.85 hours (average shift length) x $18.57 (final hourly rate)) = $3,816.

### 6.     Attorneys' Fees

62.     As discussed above, the Ninth Circuit has held that an award of attorneys' fees, if such fees are authorized under applicable law, may be considered through resolution of the case for purposes of calculating the amount in controversy. The reasonable estimate of attorneys' fees likely to be incurred through resolution of a case may be based upon fee awards in similar cases, plaintiffs counsel's hourly rate, and the number of hours counsel expects to spend on this case. *See Lyon v. W. W. Grainger Inc.*, 2010 WL 1753194, at *5 (N.D. Cal. Apr. 29, 2010) ("Defendant's use of similar cases to estimate the cost of attorney's fees is sufficient to establish that its estimate is more likely than not correct."). Courts have recognized that "attorneys handling wage-and-hour cases typically spend far more than 100 hours on the case." *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010).

63.     Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will spend litigating Plaintiff's individual wage and hour claims, based on Plaintiff's allegations, is approximately 175 hours. The parties will need to participate in a Rule 16 and 26(f) conference, prepare and file a joint case management conference statement, and appear at a case management conference. ATS anticipates filing a motion for summary judgment. ATS anticipates deposing Plaintiff. ATS anticipates that Plaintiff's counsel will depose one or more Rule 30(b)(6) witnesses. ATS anticipates that the Parties may have disputes regarding discovery that will involve the Parties briefing and arguing one or more discovery motions. Given the anticipated law and motion practice and the need for at least one case management conference appearance, ATS anticipates there will be at least four court appearances, separate and apart from any pretrial and trial practice before the Court. Plaintiff also has requested a jury trial,

which would extend the time necessary for any trial of Plaintiff's claims. Therefore, approximately 175 hours of attorney time is a conservative, and certainly reasonable, estimate of the number of attorney hours that can reasonably be anticipated through the resolution of this case. At a relatively conservative attorney billing rate of $450 an hour, 175 hours of attorney time equates with $78,750 in attorneys' fees that Plaintiff potentially may recover.

| Claim | Amount in Controversy |
|---|---|
| Overtime | $1,950 |
| Meal and Rest Breaks | $2,600 |
| Wage Statements | $1,850 |
| Waiting Time Penalty | $3,816 |
| Business Expense | $280 |
| Attorneys' Fees | $78,750 |
| **Total** | **$89,246** |

64.    Accordingly, although ATS denies Plaintiff's factual allegations and prayer for relief, the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(a).

VII.    STATEMENT OF SUPPLEMENTAL JURISDICTION

65.    To the extent any of the claims alleged in the FAC do not have an independent basis for federal jurisdiction, the claims are within the supplemental jurisdiction of this court under 28 U.S.C. § 1367(a) in that they are so related to the claims subject to federal jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Considerations of convenience, judicial economy, and fairness to the litigants also strongly favor this Court exercising supplemental jurisdiction over all the underlying alleged violations in Plaintiff's FAC.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994); *Franco v. E-3 Sys.,* Case No. 19-CV-01453-HSG, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019); *Landy v. Pettigrew, Inc.*, Case No. 2:19-cv-07474-RGK-AFM, 29 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (extending supplemental jurisdiction over PAGA claims not covered by the CBA). Thus, this action is removal to its entirety.

## VIII. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

66.    As set forth above, this Notice of Removal is filed within thirty days of service of process on ATS and all process, pleadings, and orders that have been served (or purportedly served) on ATS in this action are attached hereto in **Exhibit 1** through **Exhibit 8,** and **Exhibit A** to Frazier's Declaration, which is attached hereto as **Exhibit 9**.

67.    Venue lies in the United States District for the Northern District of California, pursuant to 28 U.S.C. § 84(a), 1441, and 1446(a). This action was originally brought in the Alameda County Superior Court, which is located within the Northern District of California. Venue is proper with this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

68.    As required by 28 U.S.C. § 1446(d), ATS will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of Alameda.

69.    ATS is informed and believes and on that basis alleges that none of the fictitiously-named defendants have been identified by Plaintiff or served with the Summons and Complaint or the FAC.

70.    ATS has sought no similar relief.

71.    The prerequisites for removal under 28 U.S.C. §§ 1332(a), (d), 1441 and 1446 are met.

72.    If any question arises as to the propriety of the removal of this action, ATS requests the opportunity to present a brief and oral argument in support of its position

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    that this case is removable.

2        73.    By this Notice of Removal and the exhibits attached hereto and the

3    documents filed concurrently herewith, Defendant ATS does not intend to make any

4    admissions with respect to the Complaint or the FAC, with respect to law or liability

5    relating to the claims in the Complaint or the FAC, and it expressly reserves the right

6    to make any and all defenses and motions necessary in its defense against Plaintiff's

7    allegations.

8    **IX.    CONCLUSION**

9        74.    Based on each of the matters discussed above, Defendant ATS removes

10   the above-captioned to the United States District Court for the Northern District of

11   California.

12

13   Dated:  February 29, 2024                **AKERMAN LLP**

14

15

16                                           By:  s/ Marissa Alguire

17                                                Marissa Alguire
                                                  Damien DeLaney
18                                                Mojan Anari
                                                  *Attorneys for Defendant*
19                                                AIRPORT TERMINAL SERVICES, INC.

20

21

22

23

24

25

26

27   75167428;5

28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342