ALEX ALBERTO PRADO ON BEHALF OF HIMSELF AND ALL
OTHERS SIMILARLY SITUATED VS. AIRPORT TERMINAL
SERVICES, INC., A MISSOURI CORPORATION AND DOES
1 THROUGH 50, INCLUSIVE

NOTICE OF REMOVAL – EXHIBIT 1

# EXHIBIT 1

DELIVERED
1 30174
BY: TL PSC: 3077
ATX Process, LLC

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AIRPORT TERMINAL SERVICES, INC. a Missouri corporation and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALEX ALBERTO PRADO on behalf of himself and all others similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
12/27/2023
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Franklin _____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse
1225 Fallon St., Oakland, CA 94612

CASE NUMBER: *(Número del Caso):*
23CV057137

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200 Irvine CA 92618; (949)387-7200

DATE: 12/27/2023     Clerk, by     D. Franklin     , Deputy
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court  *(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served



1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AIRPORT TERMINAL SERVICES, INC. a Missouri corporation
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**REGISTERED AGENT**
**S O L U T I O N S   I N C**
A **LEXITAS** COMPANY

Registered Agent Solutions, Inc.
*Corporate Mailing Address*
5301 Southwest Parkway, Suite 400
Austin, TX 78735
**Phone: (888) 705-7274**

# SERVICE OF PROCESS RECEIPT

2024-01-30

HIram Cruz
**AGI GROUND, INC.**
9130 South Dadeland Blvd.
Suite 1801
Miami, FL 33156 USA

**NOTICE OF CONFIDENTIALITY**
This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

## RE: AGI GROUND, INC.

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A Summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.
For additional information and instruction, contact the document issuer: JAMES HAWKINS, APLC

**SERVICE INFORMATION**
Service Date:     2024-01-30
Service Time:     12:20 PM CST
Service Method: Process Server

**RASi REFERENCE INFORMATION**
Service No.:  0294108
RASi Office:  Texas
Rec. Int. Id.:  SYO

**CASE INFORMATION**
Case Number:  23CV057137
File Date:        12/27/2023
Jurisdiction:    CALIFORNIA SUPERIOR COURT, ALAMEDA COUNTY
Case Title:      ALEX ALBERTO PRADO, ET AL. VS. AIRPORT TERMINAL SERVICES,

**ANSWER / APPEARANCE INFORMATION**

30 days        *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**
Firm/Issuing Agent: JAMES HAWKINS, APLC
Attorney/Contact:   NAME IS ELIGIBLE
Location:              California
Telephone No.:      949-387-7200

**DOCUMENT(S) RECEIVED & ATTACHED**
Complaint
Summons
Notice: OF CASE MANAGEMENT CONFERENCE
Demand for Jury Trial
Order: OF INITIAL CASE MANAGEMENT CONFERENCE

**ADDITIONAL NOTES:**
HEARING SET FOR 04/17/2024. DOCUMENT ALSO INCLUDES CIVIL CASE COVER SHEET, PLEASE REVIEW.

**Questions?** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission. The transmitted documents have also been uploaded to your Corpliance account. RASi offers additional methods of notification including Telephone Notification and FedEx Delivery. If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

James R. Hawkins, Esq. SBN 192925
Isandra Y. Fernandez, Esq. SBN 220482
Kacey E. Cook, Esq. SBN 337905
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL: (949) 387-7200
FAX: (949) 387-6676

Attorneys for Plaintiff, ALEX ALBERTO PRADO
on behalf of himself and all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/19/2023 at 01:22:02 PM**
By: Damaree Franklin,
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ALAMEDA

ALEX ALBERTO PRADO on behalf of
himself and all others similarly situated

      Plaintiff,

vs.

AIRPORT TERMINAL SERVICES, INC.
a Missouri corporation and DOES 1
through 50, inclusive,

      Defendants.

Case No. **23CV057137**
ASSIGNED FOR ALL PURPOSES TO:
JUDGE/DEPT:

**CLASS ACTION COMPLAINT**

1) **Failure to pay Lawful Wages**
2) **Failure to Provide Lawful Meal Periods or Compensation in Lieu Thereof**
3) **Failure to Provide Lawful Rest Periods or Compensation in Lieu Thereof**
4) **Failure to Reimburse Employee Expenses**
5) **Failure to Pay Correct Sick Pay Wages**
6) **Failure to Timely Pay Wages During Employment**
7) **Failure to Timely Pay Wages At Termination**
8) **Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions**
9) **Violation of 15 USC §1681(b)** *et seq.* **in conducting employment related background check**
10) **Violation of California Civil Code § 1786** *et seq.* **in conducting employment related background check**
11) **Violation of California Civil Code § 1785** *et seq.* **employment related background check**
12) **Violations of the Unfair Competition Law**

**JURY TRIAL DEMANDED**

- 1 -

1  Named Plaintiff alleges as follows

2                                        **I.**

3                              **INTRODUCTION**

4        1.      Plaintiff ALEX ALBERTO PRADO ("Plaintiff") asserts the following Class

5  Action claims, pursuant to Code of Civil Procedure section 382, against Defendants TENET

6  AIRPORT TERMINAL SERVICES, INC. ("ATS") and Does 1 through 50 inclusive,

7  (collectively "Defendants")

8        2.      Plaintiff bring this class action on behalf of himself and all similarly situated

9  employees not classified as "Exempt" or primarily employed in executive, professional, or

10 administrative capacities, employed by, or formerly employed by Defendants in California.

11 (hereinafter referred to as "Non-Exempt Employees" and/or "Class Members").

12       3.      During the liability period, defined as the applicable statute of limitations for each

13 and every cause of action contained herein, Defendant enforced shift schedules, employment

14 policies and practices and/or workload requirements wherein Plaintiff and Non-Exempt

15 Employees were, amongst other statutory violations not paid all lawful wages owed; not

16 provided compliant rest and meal periods; not provided accurate itemized wage statements; not

17 reimbursed employee expenses, and not paid timely wages during their employment and/or at

18 termination.

19       4.      Plaintiff on behalf of himself and Non-Exempt Employees, brings this action

20 pursuant to Labor Code sections 201, 202, 203, 204, 226, 210, 226.7, 246, 510, 512, 558, 1194,

21 1198, 1199, 2802 Title 8, Section 11090, any other applicable Industrial Welfare Commission

22 ("IWC") Wage Orders seeking unpaid lawful wages, unpaid rest and meal period compensation,

23 expense reimbursements, penalties and other equitable relief, and reasonable attorneys' fees and

24 costs.

25                                       **II.**

26                              **VENUE**

27       5.      Venue as to each Defendant is proper in this judicial district pursuant to Code of

28 Civil Procedure section 395. Defendant conduct substantial and continuous commercial activities

-2-

1   in San Bernardino County and each Defendant is within the jurisdiction of this Court for service

2   of process purposes. Defendant employ numerous Class Members in Alameda, California.

3         6.      Plaintiff is, and at all times mentioned in this complaint was, a resident of

4   California.

5                                        **III.**

6                                     **PARTIES**

7         7.      On information and belief, AIRPORT TERMINAL SERVICES, INC. provides

8   cleaning and maintenance support services to airlines throughout California and the United

9   States.

10        8.      The true names and capacities of Defendants, whether individual, corporate,

11  associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to

12  Plaintiff, who therefore sues Defendant by such fictitious names under Code of Civil Procedure

13  section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the

14  Defendants designated herein as a DOE is legally responsible in some manner for the unlawful

15  acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the

16  true names and capacities of the Defendants designated hereinafter as DOES when such

17  identities become known.

18                                       **IV.**

19                            **FACTUAL BACKGROUND**

20        9.      Plaintiff was employed by Defendant as a ground ramp agent on or about April

21  14, 2022. Plaintiff occupied said non- exempt, hourly position until the last day of his

22  employment on or about December 20, 2022.

23        12.     As a ground ramp agent, Plaintiff's job duties included, but were not limited to,

24  cleaning loading and unloading, troubleshooting, and working the conveyor belts.

25        13.     During the relevant time period, Plaintiff and Non Exempt Employees typically

26  worked five to six days a week. During their scheduled work days, Plaintiff and Class Members

27  were typically scheduled to work between four (4) and eight (8) hour shifts but at times lasted

28  longer.

-3-

CLASS ACTION COMPLAINT

1    14.    During the relevant time period, Defendant implemented policies and practices

2    which resulted in Plaintiff and Non Exempt Employees working off the clock and without

3    compensation. For instance, before the scheduled start of their shifts, Plaintiff and Non Exempt

4    Employees are required to arrive at the work site early to shuttle to the airport and submit to

5    security checks.  Plaintiff typically arrived at the designated substation on average between

6    fifteen (15) to thirty (30) minutes before the scheduled start of his shifts to perform his required

7    pre shift opening duties. Plaintiff was not compensated for the work performed "off the clock"

8    prior to the scheduled start of the shift.

9    15.    During the relevant tine period, Defendant applied a policy of rounding time

10   punches entered before the shift start time forward to the shift start time and time entries after the

11   shift end times backwards to the shift end time. Defendant applied a rounding policy that rounds

12   time entries down to conform to a shift schedule set by Defendants rather than to the actual times

13   worked by Plaintiff and Non-Exempt Employees.

14   16.    During the relevant time period, due to the demands of the work shifts, Plaintiff

15   and Non-Exempt Employees were frequently required to work in excess of five (5) hours without

16   a minimum, uninterrupted thirty (30) minute by the end of the fifth hour of their shift.  By way of

17   example, Plaintiff was typically either required to stay on the premises during the entire shift and

18   thus unable to leave for meal breaks due to the flight schedule of the airplanes requiring service.

19   Plaintiff and, on information and belief, Non Exempt Employees were not paid one (1) hour of

20   pay at their regular rate of compensation for each workday that a compliant meal period was not

21   provided, in violation of California labor laws, regulations and IWC Wage Order.

22   17.    During the relevant time period, due to the demands of the work shifts, as

23   discussed herein, Plaintiff and Non Exempt Employees were required to work without being

24   permitted or authorized a  minimum ten (10) minute rest period for every four hours or major

25   fraction thereof worked and not compensated one (1) hour of pay at their regular rate of

26   compensation for each workday that a rest period was not provided, in violation of California

27   labor laws, regulations, and IWC Wage Orders.

28   18.    During the relevant time frame, Defendants failed to adequately reimburse

- 4 -

CLASS ACTION COMPLAINT

1    Plaintiff and Class Members for the protective gear that Plaintiff and similarly situated

2    employees were required to wear in the performance of their job duties.  Plaintiff and, upon

3    information and belief, Class Members were required to maintain their uniforms to maintain

4    "professional appearance" for which he did not receive adequate reimbursement.

5         19.    During the relevant time period, pursuant to uniform policy and practice,

6    Defendants failed to include non-discretionary compensation in determining Plaintiff and Non

7    Exempt Employees' regular rate of pay for purposes of sick pay and therefore paid sick leave

8    compensation at a lower rate in violation of California law.

9         20.    On information and belief, Defendants willfully failed to pay all earned wages in

10   a timely manner to Non Exempt Employees during their employment and at the termination of

11   their employment all compensation due, including but not limited to all wages owed and

12   compensation for having failed to properly provide rest periods and meal periods.

13        21.    Defendant have also failed to maintain accurate itemized records reflecting total

14   hours worked and have failed to provide Non Exempt Employees with accurate, itemized wage

15   statements reflecting total hours worked and appropriate rates of pay for those hours worked.

16        22.    During the relevant time period, Defendants unlawfully conducted credit and

17   background checks of job applicants including Plaintiff and Class Members in violation of

18   California law. Specifically, as part of the employment application, Defendants required Plaintiff

19   and Class Members to sign a  from to perform a background check and obtain consumer credit

20   reports. This form is embedded with extraneous information pertaining to state requirements,

21   fails to provide all the requisite information and fails to meet the "clear and conspicuous"

22   requirement under California and Federal law.

23        23.    During the relevant time period, Defendants willfully violated the Consumer

24   Credit Reporting Agencies Act, Civil Code section 1785, et seq. ("CCRAA") by not providing

25   the proscribed written notice to Plaintiff and Class, including but not limited to, identifying the

26   specific basis under Lab. Code §1024.5 for use of the consumer credit report.During the relevant

27   time period, Defendants willfully violated the Investigative Consumer Reporting Agencies Act,

28   Civil Code section 1786, et seq. ("ICRAA") by not providing appropriate statutory notice to

- 5 -

CLASS ACTION COMPLAINT

1  Plaintiff and Class Members prior to performing a background and credit check. The

2  "Agreement, Authorization and Consent for Release of Background Information" Plaintiff and

3  Class Members were required to fill out and sign failed to provide the requisite disclosure in a

4  clear and conspicuous stand alone document.

5      24.    During the relevant time period, Defendant willfully violated the Fair Credit

6  Reporting Act ("FCRA") 15 USC 1681 et seq. by not providing proper statutory notice to

7  Plaintiff and Class Members prior to performing a background check. The "Agreement,

8  Authorization and Consent for Release of Background Information" form provided to Plaintiff

9  and Class Members fail to provide all the requisite statutory information and "clear and

10 conspicuous" notice in the form of a stand alone document.

11     25.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

12 currently employ and during the relevant period have employed over one hundred (100) Non

13 Exempt Employees in California.

14     26.    Non-Exempt Employees employed by Defendants, at all times pertinent hereto,

15 have been non-exempt employees within the meaning of the California Labor Code and the

16 implementing rules and regulations of the IWC California Wage Orders.

17                                    V.

18                        **CLASS ALLEGATIONS**

19     27.    Plaintiff seeks to represent a Class comprised of and defined as:  All persons who

20 are or were employed by Defendants   in the state of California as hourly non exempt employees

21 within four (4) years prior to the date this lawsuit is filed ("liability period") until resolution of

22 this lawsuit (collectively referred to as the "Class" and/or Class Members").

23     30.    Plaintiff also seeks to represent Subclasses which are composed of persons

24 satisfying the following definitions:

25          a.    All Class Members  in the state of California who were not accurately

26 and fully paid all lawful wages owed to them  including proper minimum wage and/or overtime

27 compensation for all their hours worked;

28          b.    All Class Members *in* the state of California who received per diem

- 6 -

1   compensation and were not accurately and fully paid overtime compensation;

2           c.     All *Class* Members in the state of California who have not been provided

3   compliant 30 minute meal period when they worked over five hours in a work shift by the end of

4   the fifth hour and were not provided compensation in lieu thereof;

5           d.     All *Class* Members in the state of California who, within the liability

6   period, have not been authorized and permitted to take a minimum ten (10) minute rest period

7   for every four (4) hours or major fraction thereof worked per day and were not provided

8   compensation in lieu thereof;

9           e.     All Class Members in state of California who, within the liability period,

10  were not indemnified for expenses incurred in direct consequence of the discharge of their duty;

11          f.     All Class Members in state of California who, within the liability period,

12  were not correctly paid sick pay wages;

13          g.     All Class Members in the state of California who, within the liability

14  period, were not timely paid all wages due and owed to them during their employment with

15  Defendant;

16          h.     All Class Members in the state of California who, within the liability

17  period, were not timely paid all wages due and owed to them upon the termination of their

18  employment with Defendant; and

19          i.     All Class Members in the state of California who, within the liability

20  period, were not provided with accurate and complete itemized wage statements.

21       31.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend

22  or modify the class description with greater specificity or further division into subclasses or

23  limitation to particular issues.

24       32.     This action has been brought and may properly be maintained as a class action

25  under the provisions of section 382 of the Code of Civil Procedure because there is a well-

26  defined community of interest in the litigation and the proposed Class is easily ascertainable.

27  **A. Numerosity**

28       33.     The potential members of the Class as defined are so numerous that joinder of all

- 7 -

1  the members of the Class is impracticable. While the precise number of Class Members has not

2  been determined at this time, Plaintiff is informed and believes that Defendants currently

3  employ, and/or during the relevant time period employed, approximately over 100 Non-Exempt

4  Employees in California who are or have been affected by Defendants' unlawful practices as

5  alleged herein.

6      **B. <u>Commonality</u>**

7      34.   There are questions of law and fact common to the Class predominating over any

8  questions affecting only individual Class Members. These common questions of law and fact

9  include, without limitation:

10     i.     Whether Defendant violated Labor Code sections 510, 1194 and applicable IWC

11           Wage Orders by failing to pay all earned wages including correct overtime compensation

12           to Non-Exempt Employees who worked in excess of eight (8) hours in a work day and/or

13           more than forty (40) hours in a workweek;

14     ii.    Whether Defendants also violated Labor Codes sections 200, 1194, and 1197 for

15           failing to pay minimum wages for time spent under the Defendants' control and working

16           "off the clock" without pay;

17     iii.   Whether Defendant violated Labor Code sections 226.7, 512 and applicable IWC

18           Wage Order by failing to provide statutorily compliant 30 minute meal periods to Non-

19           Exempt Employees on days in which they worked in excess of 5 hours and   failing to

20           compensate said employees one hour wages in lieu of meal periods;

21     iv.   Whether Defendant violated Labor Code section 226.7 and applicable IWC Wage

22           Orders by failing to authorize and permit minimum 10 minute rest periods to Non-

23           Exempt Employees for every four hours or major fraction thereof worked and failing to

24           compensate said employees one hours wages in lieu of rest periods;

25     v.    Whether Defendant violated Labor Code section 2802 and applicable IWC Wage

26           Orders for failing to indemnify employees for the expenditures incurred as a direct

27           consequence and/or in the performance of their job duties );

28     vi.   Whether Defendants violated section 246 of the Labor Code by failing to pay the

1   correct sick pay compensation when Class Members took sick leave;

2   vii.   Whether Defendant violated sections 201-203 of the Labor Code by failing to pay

3   all earned wages and/or premium wages due and owing at the time that any Class

4   Members' employment with Defendant terminated including the correct sick pay;

5   viii.   Whether Defendant violated sections 226 of the Labor Code and applicable IWC

6   Wage Orders by failing to, among other violations, maintain accurate records of Non-

7   Exempt Employees' earned wages, work periods, meal periods and deductions;

8   ix.   Whether Defendant violated section 17200 *et seq.* of the Business and Professions

9   Code through their violation of the above-referenced Labor Code and Civil Code sections

10   and applicable IWC Wage Orders which violation constitutes a violation of fundamental

11   public policy.

12   **C. Typicality**

13   35.   The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff

14   and all members of the Class sustained injuries and damages arising out of and caused by

15   Defendant's common course of conduct in violation of California laws, regulations, and statutes

16   as alleged herein.

17   **D. Adequacy of Representation**

18   36.   Plaintiff will fairly and adequately represent and protect the interests of the

19   members of the Class.  Counsel who represents Plaintiff is competent and experienced in

20   litigating large employment class actions.

21   **E. Superiority of Class Action**

22   37.   A class action is superior to other available means for the fair and efficient

23   adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

24   questions of law and fact common to the Class predominate over any questions affecting only

25   individual members of the Class.  Each member of the Class has been damaged and is entitled to

26   recovery by reason of Defendant's unlawful policy and/or practice herein complained of.

27   38.   Class action treatment will allow those similarly situated persons to litigate their

28   claims in the manner that is most efficient and economical for the parties and the judicial system.

- 9 -

CLASS ACTION COMPLAINT

1    Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

2    action that would preclude its maintenance as a class action.

3                                                    VI.
                                       **CAUSES OF ACTION**
4
5                                       **First Cause of Action**
             Failure to Pay Lawful Wages Including Minimum and/or Overtime Wages
6                                   (Lab. Code §§ 510, 1194 1199)
                                       (Against All Defendants)
7

8         39.    Plaintiff repeats and incorporates herein by reference each and every allegation

9    set forth above, as though fully set forth herein.

10        40.    As alleged herein, during the statutory liability period, Defendant's policies,

11   practices and work shift requirements resulted in Plaintiff and Non-Exempt Employees working

12   "off the clock" and not receiving compensation for all earned wages including overtime in

13   violation of California state wage and hour laws.

14        41.    As alleged herein, during the statutory liability period, Defendant's policies

15   and/or practices resulted in Plaintiff and Non Exempt Employees working in excess of eight (8)

16   hours in a workday and/or forty (40) hours in a workweek without receiving the proper

17   compensation at the rate of time and one-half (1 1/2) of such employee's correct regular rate of

18   pay.

19        42.    As alleged herein, during the statutory liability period, Defendant's policies

20   and/or practices resulted in Plaintiff and Non Exempt Employees not receiving minimum wages

21   for time spent under Defendants' control and working off the clock  without pay. Labor Code

22   §1197 provides that employees are to be paid minimum wage for each hour worked, and cannot

23   be averaged the minimum and the payment of a lesser wage than the established is unlawful.

24        43.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

25   described herein and below.

26                                     **Second Cause of Action**
                                   Failure to Provide Lawful Meal Periods
27                                    Or Compensation in Lieu Thereof
                                (Lab. Code §§226.7, 512, IWC Wage Orders)
28                                        (Against All Defendants)

                                              - 10 -

1    44.    Plaintiff repeats and incorporates herein by reference each and every allegation

2    set forth above, as though fully set forth herein.

3    45.    As alleged herein, by their failure to provide  Plaintiff and Non Exempt

4    Employees a  30 minute uninterrupted meal periods by the end of the fifth hour for days on

5    which Non-Exempt employees work(ed) work periods in excess of 5 hours and/or a second

6    uninterrupted 30 minute meal period by the end of the tenth hour on days in which they worked

7    in excess of 10 hours and not providing compensation for such statutorily non-compliant meal

8    periods, Defendants violated the provisions of Labor Code §512 and applicable IWC Wage

9    Orders.

10    46.    By failing to record and maintain adequate and accurate time records according

11    to sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiff and Class

12    Members and made it difficult to calculate the unpaid meal period compensation due Plaintiff

13    and Class Members.

14    47.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

15    represent have been deprived of premium wages in amounts to be determined at trial, and are

16    entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code

17    §226.7.

18    48.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

19    described herein and below.

20
21
22

**Third Cause of Action**
Failure to Provide Rest Periods
Or Compensation in Lieu Thereof
(Lab. Code §§226.7, IWC Wage Orders)
(Against All Defendants)

23    49.    Plaintiff repeats and incorporates herein by reference each and every allegation

24    set forth above, as though fully set forth herein.

25    50.    As alleged herein, by their failure to provide a minimum ten (10) minute rest

26    period for every four hours or major fraction thereof worked per day by Non Exempt Employees,

27    and failing to provide compensation for such non-provided rest periods, as alleged above,

28    Defendants willfully violated the provisions of Labor Code section 226.7 and IWC applicable

- 11 -

1  Wage Orders.

2      51.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

3  represent have been deprived of premium wages in amounts to be determined at trial, and are

4  entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code

5  §226.7.

6      52.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

7  described herein and below.

### Fourth Cause of Action
8  Failure to Reimburse Employee Expenses
   (Lab. Code § 2802)
9  (Against All Defendants)

10     53.    Plaintiff repeats and incorporates herein by reference each and every allegation

11  set forth above, as though fully set forth herein.

12     54.    As alleged herein, by their policy and/or practice of not providing adequate

13  reimbursement for expenses incurred by Plaintiff and  Non Exempt Employees as a direct

14  consequence of their job duties,  Defendants willfully violated the provisions of Lab. Code §

15  2802.

16     55.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

17  represent are entitled to recovery of full amount of expenses incurred plus interest, attorneys'

18  fees, and costs, under Labor Code§ 2802.

19     56.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

20  described herein and below.

### Fifth Cause of Action
21  Failure to Pay Correct Sick Pay Compensation
   (Lab. Code §246, 218.5 IWC Wage Orders)
22  (Against All Defendants)

23  57. Plaintiff incorporates by reference and realleges every allegation contained above, as

24  though fully set forth herein.

25  58. Labor Code section 246(l) requires that employers pay sick time pay to non-exempt

26  employees at the employee's regular rate of pay.

27     59.    As alleged herein, Defendants failed to compute the correct amount of sick pay

28  paid  to  Plaintiff  and  Class  Members  in  conformance  with  Lab. Code 246(1) by paying

- 12 -

CLASS ACTION COMPLAINT

at the employee's base hourly rate and not the regular rate of pay; thus paying a lower rate of sick pay compensation.

60.     Under California law, sick pay is considered wages and Defendants owe Plaintiff and affected Class Members unpaid sick pay wages.

61.     WHEREFORE, Plaintiff and the Class he seeks to represent, request relief as described herein and below.

**Sixth Cause of Action**
Failure to Timely Pay Wages During Employment
(Lab. Code § 204)
<u>(Against All Defendants)</u>

62.     Labor Code section 204 requires that all wages are due and payable twice in each calendar month. The wages required by Labor Code §§ 226.7, 510, 1194, 1197 and other sections became due and payable to Plaintiff and Class Members in each month that he or she was not paid all lawful wages owed or provided with lawful meal period or rest period to which he or she was entitled. Defendants violated Lab. Code §204 by failing to pay said wages when they were due and payable.

63. Labor Code section 210 (a) provides that "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follow:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

64.     As a result of the unlawful acts of Defendants alleged herein, Plaintiff and the Class he seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties.

65.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

- 13 -

CLASS ACTION COMPLAINT

1    described herein and below.

2                          **Seventh Cause of Action**
                    Failure to Timely Pay Wages Due At Termination
3                              (Lab. Code §§ 201-203)
                             (Against All Defendants)

4        66.    Plaintiff repeats and incorporates herein by reference each and every allegation

5    set forth above, as though fully set forth herein.

6        67.    Sections 201 and 202 of the California Labor Code require Defendant to pay its

7    employees all wages due within 72 hours of termination of employment. Section 203 of the

8    Labor Code provides that if an employer willfully fails to timely pay such wages the employer

9    must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in

10   full or an action is commenced. The penalty cannot exceed 30 days of wages.

11       68.    As alleged herein, affected class members are entitled to compensation for all

12   forms of wages earned, including, overtime compensation, minimum wage, correct sick pay

13   wages and compensation for non provided rest and meal periods but to date have not received

14   such compensation therefore entitling them Labor Code section 203 penalties.

15       69.    More than 30 days have passed since Plaintiff and affected Class Members have

16   left Defendants' employ, and on information and belief, have not received payment pursuant to

17   Labor Code §203.  As a consequence of Defendant's willful conduct in not paying all earned

18   wages, certain Class Members are entitled to 30 days' wages as a penalty under Labor Code

19   section 203 for failure to pay legal wages.

20       70.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

21   described herein and below.

22                          **Eighth Cause of Action**
                 Knowing and Intentional Failure to Comply With Itemized Employee
23                            Wage Statement Provisions
                               (Lab. Code § 226(b))
24                           (Against All Defendants)

25       71.    Plaintiff repeats and incorporates herein by reference each and every allegation

26   set forth above, as though fully set forth herein

27       72.    Section 226(a) of the California Labor Code requires Defendant to itemize in

28   wage statements all deductions from payment of wages and to accurately report total hours

                                        - 14 -

1   worked by Plaintiff and the members of the proposed class. IWC Wage Orders require

2   Defendant to maintain time records showing, among others, when the employee begins and ends

3   each work period, meal periods, split shift intervals and total daily hours worked in an itemized

4   wage statement, and must show all deductions and reimbursements from payment of wages, and

5   accurately report total hours worked by Plaintiff and the members of the proposed class.  On

6   information and belief, Defendant has failed to record all or some of the items delineated in

7   Industrial Wage Orders and Labor Code §226

8          73.     As alleged herein, Plaintiff and Class Members have been injured by Defendant's

9   actions by rendering them unaware of the full compensation to which they were entitled under

10  applicable provisions of the California Labor Code and applicable IWC Wage Orders.

11         74.     Pursuant Labor Code §226, Plaintiff and Class Members are entitled up to a

12  maximum of $4,000.00 each for record-keeping violations.

13         75.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

14  described herein and below.

### Ninth Cause of Action
### Violation of Fair Credit Reporting Act,
### (15 U.S.C. §1681 *et seq.*
### Against All Defendants

76. Plaintiff repeats and incorporates herein by reference each and every allegation set forth
    above, as though fully set forth herein

77. As set forth above, Defendant violated the Fair Credit Reporting Act ("FCRA") 15
    U.S.C. §1681(b)(2)(A) by not adhering to the statutory requirements prior to obtaining a
    consumer report on Plaintiff and Class Members for employment purposes.

78. Defendants acted willfully in violating the requirements of the FCRA by, among other
    things, failing to provide Plaintiff and Class Members clear and conspicuous notice of
    the type of background check to be performed by Defendants.

79. Defendants acted willfully in violating the requirements of the FCRA by, among other
    things, requiring Plaintiff and Class Members to execute one document which purports
    to provide notice  of the background check to be performed and which contained
    contradictory information and failed to clearly and accurately disclose the type of

- 15 -

1    investigative consumer to be obtained by Defendant.

2    80. Plaintiff and Class Members have been deprived of their consumer rights and prevented

3    from making informed decisions about whether to permit Defendants to obtain their personal

4    information and have been injured by the violation of their privacy and statutory rights

5    as a result of Defendant's procurement of credit and background reports in violation of

6    the FCRA.

7    81. As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

8    represent are entitled to statutory damages pursuant to 15 USC §1681 plus attorneys'

9    fees, and costs.

10   82. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

11   herein and below

**Tenth Cause of Action**
Violation of CCRAA
(Cal. Lab. Code 1024.5; Civ. Code §1785 *et seq.*)
(Against All Defendants)

12
13
14

15   83. Plaintiff repeats and incorporates herein by reference each and every allegation set forth

16   above, as though fully set forth herein.

17   84. Defendants violated Lab. Code §1024.5 by unlawfully attempting to obtain a credit

18   check on Plaintiff and Background Check Class for employment purposes. As per Lab.

19   Code §1024.5, Plaintiff and Class Members are not within the category of employees for

20   whom an employer or prospective employer may use a consumer credit report for

21   employment purposes.

22   85. Defendants violated the Consumer Credit Reporting Agencies Act, Civil Code section

23   1785, *et seq*. ("CCRAA") by not providing the proscribed written notice to Plaintiff and

24   Class Members including but not limited to, identifying the specific basis under Lab.

25   Code §1024.5 for use of the report for employment purposes prior to obtaining credit

26   reports for Plaintiff and Class Members. Defendant's violation of the CCRAA was and

27   is willful and/or grossly negligent.

28   86. Plaintiff and Class Members have been deprived of their consumer rights and prevented

     from making informed decisions about          whether to permit Defendants to obtain

- 16 -

CLASS ACTION COMPLAINT

their personal information and have been injured by the violation of their privacy and statutory rights as a result of Defendant's procurement of credit and background reports in violation of the CCRAA.

87. As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent seek all available remedies pursuant to Civ. Code § 1785.3 including statutory damages and/or actual damages, attorneys' fees and costs..

88. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Eleventh Cause of Action**
Violation of ICRAA
(Civ. Code §1786 *et seq.*)
(Against All Defendants)

89. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

90. As set forth above, Defendant willfully violated the Investigative Consumer Reporting Agencies Act, Civil Code section 1786, *et seq.* ("ICRAA") by, among other things, not providing the appropriate statutory notice to Plaintiff and Class Members in a stand alone document prior to performing a background check in attempts to obtain an investigative consumer report.

91. All alleged herein, the purported disclosure form utilized by Defendants does not provide clear and unambiguous disclosures in stand-alone documents thus failing to meet the requirements under the ICRAA. Defendants' conduct in violation of ICRAA was and is willful and/or grossly negligent.

92. Defendant acted willfully in violating the requirements of the ICRAA by, among other things, requiring Plaintiff and Class Members to execute the background check to be performed and failed to clearly and accurately disclose the type of investigative consumer to be obtained by Defendants in a stand alone document.

93. Plaintiff and Class Members have been deprived of their consumer rights and prevented from making informed decisions about whether to permit Defendant to obtain their personal information and have been injured by the violation of their privacy and

- 17 -

CLASS ACTION COMPLAINT

statutory rights as a result of Defendant's procurement of credit and background reports in violation of the ICRAA

94. As a result of the unlawful acts of Defendant, Plaintiff and the Class he seeks to represent seek all available remedies pursuant to Civ. Code § 1786.50 including statutory damages and/or actual damages, attorneys' fees and costs

**Twelfth  Cause of Action**
Violation of Unfair Competition Law
(Bus. & Prof. Code, §§ 17200-17208)
<u>(Against All Defendants)</u>

95.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

96.    Business & Professions Code Section 17200 provides:

> As used in this chapter, unfair competition shall mean and include any ***unlawful, unfair*** or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.) (Emphasis added.)

97.    Defendants' violations of the Labor Code and Wage Order provisions set forth above constitute unlawful and/or unfair business acts or practices.

98.    The actions of Defendants, as alleged within this Complaint, constitute false, fraudulent, unlawful, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code section 17200, *et seq.*

99.    Plaintiff and Class Members have been personally aggrieved by Defendant's unlawful and unfair business acts and practices alleged herein.

100.    As a direct and proximate result of the unfair business practices of Defendant, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to restitution of all wages which have been unlawfully withheld from Plaintiff and members of the Class as a result of the business acts and practices described herein

101.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

- 18 -

## VII.

### PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1.  That the Court determine that this action may be maintained as a class action;

2.  For compensatory damages in an amount according to proof with interest thereon;

3.  For economic and/or special damages in an amount according to proof with interest thereon;

4.  For premium wages pursuant to Labor Code §§ 226.7 and 512;

5.  For premium pay and penalties pursuant to Labor Code §§203, 204;

6.  For attorneys' fees, interests and costs of suit under Labor Code §§ 218.5, 225,1194,2802

7.  For actual and/or statutory damages pursuant to Civ. Code §§1785 et seq;

8.  For actual and/or statutory damages pursuant to 15 U.S.C. §§ 1681 et seq;

9.  For actual and/or statutory damages pursuant to Civ. Code §§1786 et seq

10. For such other and further relief as the Court deems just and proper.


### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.


Dated: December 18, 2023            JAMES HAWKINS, APLC


Isandra Y. Fernandez
Kacey E. Cook
Attorneys for Plaintiff
Alex Alberto Prado

- 19 -

CLASS ACTION COMPLAINT