ALEX ALBERTO PRADO ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED VS. AIRPORT TERMINAL SERVICES, INC., A MISSOURI CORPORATION AND DOES 1 THROUGH 50, INCLUSIVE

NOTICE OF REMOVAL – EXHIBIT 6

# EXHIBIT 6

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse, Department 23

### JUDICIAL OFFICER: HONORABLE TARA DESAUTELS

Courtroom Clerk: Ana Liza Tumonong                    CSR: None

---

**23CV057137**                                        January 11, 2024
                                                      4:06 PM

**PRADO**
 **vs**
**AIRPORT TERMINAL SERVICES, INC. A MISSOURI CORPORATION**

---

### MINUTES

**NATURE OF PROCEEDINGS: Court Order Initial Case Management Conference**

Initial Case Management Conference is scheduled for 04/16/2024 at 02:30 PM in Department 23 at Rene C. Davidson Courthouse.

The following order shall apply to all parties in this action:

1. CASE MANAGEMENT CONFERENCES
At Case Management Conferences the Court will address discovery issues, schedules, and other subjects pursuant to CRC 3.750. Counsel thoroughly familiar with the case shall attend the Case Management Conferences. See LRC, Rule 3.290.
At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.
Courtesy copies of statements must be delivered directly to Dept. 23. The filing and delivery date is not later than five court days before the conference.
The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable:
A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.
B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;
C. Deadlines and limits on joinder of parties and amended or additional pleadings;
D. Class discovery and class certification, if applicable;
E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;
F. An identification of all potential evidentiary issues involving confidentiality or protected

evidence;
G. A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:
(1) unserved parties and the reasons for the failure to serve;
(2) unserved and/or unfiled cross-complaints;
(3) related actions pending in any jurisdiction and the potential for coordination or consolidation;
(4) any possible jurisdictional or venue issues that may arise;
(5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;
(6) unresolved law and motion matters;
(7) requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;
(8) severance of issues for trial; and
(9) calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.
H. Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda. Counsel may also address ways of structuring the trial of the action such as bifurcation, severance, bell-weather trials, use of special masters, use of expedited jury procedures and/or waiver of jury.
Parties are advised to check the court's register of action before appearing at any case management conference, including the Initial Case Management, at least one day before any scheduled appearance to determine if the court has issued a tentative case management order. If published, this tentative case management order will become the order of the Court unless counsel or self represented party notifies the Court and opposing counsel/self-represented party by email not less than one court day prior to the CMC that s/he intends to appear in person at the CMC to discuss some aspect of the order, and specifies the nature of the party's concern. (Please note that the Tentative Rulings posted on the website are for tentative rulings on law and motion matters and will not display tentative Case Management Orders. The tentative Case Management Orders are found in the Register of Action). Department 23 may be reached at Dept.23@alameda.courts.ca.gov.
2. NOTICE OF FEE CHANGES - JURY TRIAL FEE
Effective July 2, 2012, the advance jury fee is fixed at $150.00, and is no longer refundable. With certain exceptions, the jury trial fee is due on or before the date scheduled for the initial case management conference. See, C.C.P. 631(b).
3. DISCOVERY
Discovery Conference: Motions related to discovery (i.e. motions to compel, protective orders etc.) may not be filed without leave of the court until after an informal discovery conference pursuant to revised Local Rule 3.31 (January 1, 2019) except a party may request a discovery conference in a Case Management Conference Statement. The discovery conference is not a pro forma step before a motion. Requests for a discovery conference may be made, after meaningful meet and confer, by sending an email to the department clerk, copied to all counsel. The court will provide proposed dates. Parties are to meet and confer as to availability for the proposed dates. If one or more parties are not available on the proposed date(s), additional dates may be

requested. Upon request, the court will consider telephonic appearances as well as calls from depositions in progress.

4. EMAILS TO COURT

Emails to the court are not part of the court record in this case and may be deleted without notice. Email is not a substitute for required filings. Any emails should be copied to all counsel. The Department 23 email may only be used for the following purposes: to seek a reservation to schedule a proceeding on the court's calendar, to give notice that a hearing has been dropped or a settlement reached, to request a discovery conference, emergency scheduling issues (i.e. running late to a hearing), to give notice that a litigant intends to appear to contest a tentative ruling, to reply to an inquiry from the clerk or research attorney of Department 23, to communicate with the courtroom clerk regarding department 23 procedures, or other matters that the court has expressly authorized in this case.

5. Pro Hac Vice Process

Applications for Pro Hac Vice must be submitted by noticed motion on regular time, or, if it is a time sensitive matter, a request for an order shortening time must be submitted. Applications will not be considered on an ex parte basis. CRC 9.40.

6. NOTICE

Parties are advised that CASE MANAGEMENT ORDERS, including trial setting orders, and FINAL RULINGS ON LAW AND MOTION that are issued by Dept. 23 will be published in the Court's website in the Register of Action for this case. The clerk of the court WILL NOT serve each party a copy of future orders. Instead, unless otherwise ordered, counsel shall obtain copies of all future orders from the Register of Action in this case.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service. The clerk is directed to serve a copy of this CASE MANAGEMENT ORDER upon counsel for Plaintiff(s).

By:   A. Tumonong, Deputy Clerk
Minutes of: 01/11/2024
Entered on: 01/11/2024