ALEX ALBERTO PRADO ON BEHALF OF HIMSELF AND ALL
OTHERS SIMILARLY SITUATED VS. AIRPORT TERMINAL
SERVICES, INC., A MISSOURI CORPORATION AND DOES
1 THROUGH 50, INCLUSIVE


NOTICE OF REMOVAL – EXHIBIT 9

# EXHIBIT 9

1  **AKERMAN LLP**
   MARISSA ALGUIRE (SBN 249755)
2  DAMIEN DELANEY (SBN 246476)
   MOJAN ANARI (SBN 298865)
3  601 West Fifth Street, Suite 300
   Los Angeles, California 90071
4  Telephone: (213) 688-9500
   Facsimile:  (213) 627-6342
5  Email:  marissa.alguire@akerman.com
           damien.delaney@akerman.com
6          mojan.anari@akerman.com

7  *Attorneys for Defendant*
   AIRPORT TERMINAL SERVICES, INC.
8

9              **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11

12  ALEX ALBERTO PRADO on behalf of        Case No.
    himself and all others similarly situated
13                                         [Superior Court of California, Alameda
14            Plaintiff,                   County Case No. 23CV057137]

15  vs.                                    **DECLARATION OF BRANDY
                                           FRAZIER IN SUPPORT OF
16  AIRPORT TERMINAL SERVICES, INC.        REMOVAL**
    a Missouri corporation and DOES 1
17  through 50, inclusive,                 [Concurrently filed with Notice of
                                           Removal; Civil Cover Sheet; Corporate
18            Defendants.                  Disclosure Statement; and Certification
                                           of Conflicts and Interested Parties]
19

20

21

22                                         Complaint Filed: December 19, 2023
                                           Trial Date:       None
23

24

25

26

27

28

                              1                    Case No.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## DECLARATION OF BRANDY FRAZIER

I, Brandy Frazier, declare as follows:

1.      I am an authorized representative of defendant Airport Terminal Services, Inc. ("ATS"), and at all relevant times, have been ATS's Chief People Officer ("CPO"). My responsibilities require me to be familiar with the operations of ATS. I also have access to information and data related to ATS's personnel operations. I am authorized by ATS to execute this declaration on ATS's behalf in support of the Notice of Removal of the case titled *Alex Alberto Prado v. Airport Terminal Services, Inc*., Case No. 23CV057137, filed in the Superior Court of the State of California, in and for the County of Alameda (the "State Court Action") to the United States District Court for the Northern District of California. All the information set forth herein is based on my personal knowledge of or my review of ATS's corporate, business, and personnel records, and if called to testify and be sworn as a witness, I could and would competently testify thereto.

2.      As the CPO, I am knowledgeable of ATS's corporate status and structure, including the locations of its company operations, and I have access to organizational and historical records concerning ATS's corporate structure.

3.      On January 30, 2024, Alex Alberto Prado ("Plaintiff") served ATS with copies of the Summons, Complaint, and related Court documents by process server on ATS's California registered corporate agent for service of process at 5301 Southwest Pkwy #400, Austin, TX 78735. On February 23, 2024, a copy of the First Amended Complaint was served on ATS's California registered corporate agent at the same address. A true and correct copy of the First Amended Complaint served on ATS is attached hereto as **Exhibit A**.

4.      ATS is and was at all relevant times incorporated under the laws of the State of Missouri, with its principal place of business in Miami, Florida where the center of direction, control, and coordination takes place. ATS's corporate headquarters is located at 9130 S. Dadeland Blvd, Suite 1801, Miami, Florida 33156, and it is where

ATS's direction, control, and coordination of the company business activities takes place. Many of ATS's high-level executives and administrative operations are managed and operated from Florida, and policy decisions are made in Florida. The administrative and financial records are kept in Florida.

5.      In preparation for this declaration, I have reviewed certain documents described herein that were prepared and maintained in the ordinary course of ATS's business and those related to the personnel data for ATS's hourly, non-exempt California employees. The information contained in those documents was recorded at or near the time of the acts, events, or conditions indicated by ATS and/or vendors who were responsible for recording those acts, events, or conditions.

6.      In connection with the preparation of this declaration, I reviewed ATS's records relating to non-exempt employees working for ATS in California between March 27, 2021 and February 17, 2024. I understand that the putative class members consist of those individuals who are or were employed by ATS in the state of California as hourly non-exempt employees within four years prior to the date this lawsuit was filed until resolution of this lawsuit ("Class Members"). FAC, ¶ 27. The following information is based on a review of these records.

a.      I have reviewed internal records that include the non-exempt employees' hire and termination dates, as well as current or last hourly rates of pay. The number of non-exempt employees who worked for ATS between March 27, 2021 and February 17, 2024, consist of 3,862 non-exempt employees and 2,280 former non-exempt employees. The putative class members' hourly rates vary and are dependent upon job title. Between March 27, 2021 and February 17, 2024, the average hourly rate of pay for the non-exempt employees was approximately $16.11, and the average shift length worked by non-exempt employees was approximately 6.85 hours. Between March 27, 2021 and February 17, 2024, the total number of workweeks worked by non-exempt employees totals approximately 125,415. The number of pay periods worked by non-exempt employees totals approximately 46,503.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

7.    Plaintiff's employment at ATS commenced on April 15, 2022, until his separation from employment on December 20, 2022. Throughout his employment, Plaintiff worked in ATS's Oakland, California location as a ramp agent. His final hourly rate of pay was $18.57; and he worked for 35 workweeks and 19 pay periods.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 29th day of February, 2024, at Miami, Florida.

_____

Brandy Frazier

DECLARATION OF BRANDY FRAZIER IN SUPPORT OF NOTICE OF REMOVAL

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

ALEX ALBERTO PRADO ON BEHALF OF HIMSELF AND ALL
OTHERS SIMILARLY SITUATED VS. AIRPORT TERMINAL
SERVICES, INC., A MISSOURI CORPORATION AND DOES
1 THROUGH 50, INCLUSIVE


EXHIBIT A TO DECLARATION OF
BRANDY FRAZIER ISO NOTICE OF REMOVAL

# EXHIBIT A

1 | James R. Hawkins, Esq. SBN 192925
Isandra Y. Fernandez, Esq. SBN 220482
Kacey E. Cook, Esq. SBN 337905
2 | **JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
3 | Irvine, CA 92618
TEL: (949) 387-7200
4 | FAX: (949) 387-6676

5

6 | Attorneys for Plaintiff, ALEX ALBERTO PRADO
on behalf of himself and all others similarly situated

7 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ALAMEDA

8

9 | ALEX ALBERTO PRADO on behalf of | Case No. 23CV057137
himself and all others similarly situated | ASSIGNED FOR ALL PURPOSES TO:
10 | | JUDGE/DEPT:

11 | Plaintiff,

12 | vs. | **FIRST AMENDED CLASS ACTION COMPLAINT**

13 | AIRPORT TERMINAL SERVICES, INC.
a Missouri corporation and DOES 1 | 1) **Failure to pay Lawful Wages**
14 | through 50, inclusive, | 2) **Failure to Provide Lawful Meal Periods or Compensation in Lieu Thereof**
15 | | 3) **Failure to Provide Lawful Rest Periods or Compensation in Lieu Thereof**
16 | Defendants. | 4) **Failure to Reimburse Employee Expenses**
17 | | 5) **Failure to Pay Correct Sick Pay Wages**
| | 6) **Failure to Timely Pay Wages During Employment**
18 | | 7) **Failure to Timely Pay Wages At Termination**
19 | | 8) *Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions*
20 | | 9) **Violation of 15 USC §1681(b)** *et seq.* **in conducting employment related background check**
21 | | 10) **Violation of California Civil Code § 1786** *et seq.* **in conducting employment related background check**
22 | | 11) **Violation of California Civil Code § 1785** *et seq.* **employment related background check**
23 | | 12) **Violations of the Unfair Competition Law**
24 | | 13) **Labor Code Private Attorneys General Act (Lab. Code 2699)**
25
26
27
28 | | **JURY TRIAL DEMANDED**

- 1 -

FIRST AMENDED CLASS ACTION COMPLAINT

6

1 | Named Plaintiff alleges as follows

2 | **I.**

3 | **INTRODUCTION**

4 |     1.    Plaintiff ALEX ALBERTO PRADO ("Plaintiff") asserts the following Class

5 | Action claims, pursuant to Code of Civil Procedure section 382, against Defendants TENET

6 | AIRPORT TERMINAL SERVICES, INC. ("ATS") and Does 1 through 50 inclusive,

7 | (collectively "Defendants")

8 |     2.    Plaintiff bring this class action on behalf of himself and all similarly situated

9 | employees not classified as "Exempt" or primarily employed in executive, professional, or

10 | administrative capacities, employed by, or formerly employed by Defendants in California.

11 | (hereinafter referred to as "Non-Exempt Employees" and/or "Class Members").

12 |     3.    During the liability period, defined as the applicable statute of limitations for each

13 | and every cause of action contained herein, Defendant enforced shift schedules, employment

14 | policies and practices and/or workload requirements wherein Plaintiff and Non-Exempt

15 | Employees were, amongst other statutory violations not paid all lawful wages owed; not

16 | provided compliant rest and meal periods; not provided accurate itemized wage statements; not

17 | reimbursed employee expenses, and not paid timely wages during their employment and/or at

18 | termination.

19 |     4.    Plaintiff on behalf of himself and Non-Exempt Employees, brings this action

20 | pursuant to Labor Code sections 201, 202, 203, 204, 226, 210, 226.7, 246, 510, 512, 558, 1194,

21 | 1198, 1199, 2699, *et seq.,* 2802, Title 8, Section 11090, any other applicable Industrial Welfare

22 | Commission ("IWC") Wage Orders seeking unpaid lawful wages, unpaid rest and meal period

23 | compensation, expense reimbursements, penalties and other equitable relief, and reasonable

24 | attorneys' fees and costs.

25 | **II.**

26 | **VENUE**

27 |     5.    Venue as to each Defendant is proper in this judicial district pursuant to Code of

28 | Civil Procedure section 395. Defendant conduct substantial and continuous commercial activities

- 2 -

FIRST AMENDED CLASS ACTION COMPLAINT

1  in San Bernardino County and each Defendant is within the jurisdiction of this Court for service

2  of process purposes. Defendant employ numerous Class Members in Alameda, California.

3        6.     Plaintiff is, and at all times mentioned in this complaint was, a resident of

4  California.

5  **III.**

6  **PARTIES**

7        7.     On information and belief, AIRPORT TERMINAL SERVICES, INC. provides

8  cleaning and maintenance support services to airlines throughout California and the United

9  States.

10        8.     The true names and capacities of Defendants, whether individual, corporate,

11  associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to

12  Plaintiff, who therefore sues Defendant by such fictitious names under Code of Civil Procedure

13  section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the

14  Defendants designated herein as a DOE is legally responsible in some manner for the unlawful

15  acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the

16  true names and capacities of the Defendants designated hereinafter as DOES when such

17  identities become known.

18  **IV.**

19  **FACTUAL BACKGROUND**

20        9.     Plaintiff was employed by Defendant as a ground ramp agent on or about April

21  14, 2022. Plaintiff occupied said non- exempt, hourly position until the last day of his

22  employment on or about December 20, 2022.

23        12.    As a ground ramp agent, Plaintiff's job duties included, but were not limited to,

24  cleaning loading and unloading, troubleshooting, and working the conveyor belts.

25        13.    During the relevant time period, Plaintiff and Non Exempt Employees typically

26  worked five to six days a week. During their scheduled work days, Plaintiff and Class Members

27  were typically scheduled to work between four (4) and eight (8) hour shifts but at times lasted

28  longer.

FIRST AMENDED CLASS ACTION COMPLAINT

14.    During the relevant time period, Defendant implemented policies and practices which resulted in Plaintiff and Non Exempt Employees working off the clock and without compensation. For instance, before the scheduled start of their shifts, Plaintiff and Non Exempt Employees are required to arrive at the work site early to shuttle to the airport and submit to security checks. Plaintiff typically arrived at the designated substation on average between fifteen (15) to thirty (30) minutes before the scheduled start of his shifts to perform his required pre shift opening duties. Plaintiff was not compensated for the work performed "off the clock" prior to the scheduled start of the shift.

15.    During the relevant time period, Defendant applied a policy of rounding time punches entered before the shift start time forward to the shift start time and time entries after the shift end times backwards to the shift end time. Defendant applied a rounding policy that rounds time entries down to conform to a shift schedule set by Defendants rather than to the actual times worked by Plaintiff and Non-Exempt Employees.

16.    During the relevant time period, due to the demands of the work shifts, Plaintiff and Non-Exempt Employees were frequently required to work in excess of five (5) hours without a minimum, uninterrupted thirty (30) minute by the end of the fifth hour of their shift. By way of example, Plaintiff was typically either required to stay on the premises during the entire shift and thus unable to leave for meal breaks due to the flight schedule of the airplanes requiring service. Plaintiff and, on information and belief, Non Exempt Employees were not paid one (1) hour of pay at their regular rate of compensation for each workday that a compliant meal period was not provided, in violation of California labor laws, regulations and IWC Wage Order.

17.    During the relevant time period, due to the demands of the work shifts, as discussed herein, Plaintiff and Non Exempt Employees were required to work without being permitted or authorized a minimum ten (10) minute rest period for every four hours or major fraction thereof worked and not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided, in violation of California labor laws, regulations, and IWC Wage Orders.

18.    During the relevant time frame, Defendants failed to adequately reimburse

- 4 -

1    Plaintiff and Class Members for the protective gear that Plaintiff and similarly situated

2    employees were required to wear in the performance of their job duties.  Plaintiff and, upon

3    information and belief, Class Members were required to maintain their uniforms to maintain

4    "professional appearance" for which he did not receive adequate reimbursement.

5          19.     During the relevant time period, pursuant to uniform policy and practice,

6    Defendants failed to include non-discretionary compensation in determining Plaintiff and Non

7    Exempt Employees' regular rate of pay for purposes of sick pay and therefore paid sick leave

8    compensation at a lower rate in violation of California law.

9          20.     On information and belief, Defendants willfully failed to pay all earned wages in

10    a timely manner to Non Exempt Employees during their employment and at the termination of

11    their employment all compensation due, including but not limited to all wages owed and

12    compensation for having failed to properly provide rest periods and meal periods.

13          21.     Defendant have also failed to maintain accurate itemized records reflecting total

14    hours worked and have failed to provide Non Exempt Employees with accurate, itemized wage

15    statements reflecting total hours worked and appropriate rates of pay for those hours worked.

16          22.     During the relevant time period, Defendants unlawfully conducted credit and

17    background checks of job applicants including Plaintiff and Class Members in violation of

18    California law. Specifically, as part of the employment application, Defendants required Plaintiff

19    and Class Members to sign a  from to perform a background check and obtain consumer credit

20    reports. This form is embedded with extraneous information pertaining to state requirements,

21    fails to provide all the requisite information and fails to meet the "clear and conspicuous"

22    requirement under California and Federal law.

23          23.     During the relevant time period, Defendants willfully violated the Consumer

24    Credit Reporting Agencies Act, Civil Code section 1785, et seq. ("CCRAA") by not providing

25    the proscribed written notice to Plaintiff and Class, including but not limited to, identifying the

26    specific basis under Lab. Code §1024.5 for use of the consumer credit report.During the relevant

27    time period, Defendants willfully violated the Investigative Consumer Reporting Agencies Act,

28    Civil Code section 1786, et seq. ("ICRAA") by not providing appropriate statutory notice to

FIRST AMENDED CLASS ACTION COMPLAINT

1  Plaintiff and Class Members prior to performing a background and credit check. The

2  "Agreement, Authorization and Consent for Release of Background Information" Plaintiff and

3  Class Members were required to fill out and sign failed to provide the requisite disclosure in a

4  clear and conspicuous stand alone document.

5       24.    During the relevant time period, Defendant willfully violated the Fair Credit

6  Reporting Act ("FCRA") 15 USC 1681 et seq. by not providing proper statutory notice to

7  Plaintiff and Class Members prior to performing a background check. The "Agreement,

8  Authorization and Consent for Release of Background Information" form provided to Plaintiff

9  and Class Members fail to provide all the requisite statutory information and "clear and

10 conspicuous" notice in the form of a stand alone document.

11      25.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

12 currently employ and during the relevant period have employed over one hundred (100) Non

13 Exempt Employees in California.

14      26.    Non-Exempt Employees employed by Defendants, at all times pertinent hereto,

15 have been non-exempt employees within the meaning of the California Labor Code and the

16 implementing rules and regulations of the IWC California Wage Orders.

17                                    **V.**

18                          **CLASS  ALLEGATIONS**

19      27.    Plaintiff seeks to represent a Class comprised of and defined as:  All persons who

20 are or were employed by Defendants  in the state of California as hourly non exempt employees

21 within four (4) years prior to the date this lawsuit is filed ("liability period") until resolution of

22 this lawsuit (collectively referred to as the "Class" and/or Class Members").

23      30.    Plaintiff also seeks to represent Subclasses which are composed of persons

24 satisfying the following definitions:

25           a.    All Class Members  in the state of California who were not accurately

26 and fully paid all lawful wages owed to them  including proper minimum wage and/or overtime

27 compensation for all their hours worked;

28           b.    All Class Members *in* the state of California who received per diem

compensation and were not accurately and fully paid overtime compensation;

        c.     All *Class* Members in the state of California who have not been provided compliant 30 minute meal period when they worked over five hours in a work shift by the end of the fifth hour and were not provided compensation in lieu thereof;

        d.     All *Class* Members in the state of California  who, within the liability period, have not been authorized and permitted to take  a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked per day and were not provided compensation in lieu thereof;

        e.     All Class Members in state of California who, within the liability period, were not indemnified for expenses incurred in direct consequence of the discharge of their duty;

        f.     All Class Members in state of California who, within the liability period, were not correctly paid sick pay wages;

        g.     All Class Members in the state of California who, within the liability period, were not timely paid all wages due and owed to them during their employment with Defendant;

        h.     All Class Members in the state of California who, within the liability period, were not timely paid all wages due and owed to them upon the termination of their employment with Defendant; and

        i.     All Class Members in the state of California who, within the liability period, were not provided with accurate and complete itemized wage statements.

     31.    Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

     32.    This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A. <u>Numerosity</u>**

     33.    The potential members of the Class as defined are so numerous that joinder of all

- 7 -

FIRST AMENDED CLASS ACTION COMPLAINT

the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and/or during the relevant time period employed, approximately over 100 Non-Exempt Employees in California who are or have been affected by Defendants' unlawful practices as alleged herein.

**B. Commonality**

34.    There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

i.    Whether Defendant violated Labor Code sections 510, 1194 and applicable IWC Wage Orders by failing to pay all earned wages including correct overtime compensation to Non-Exempt Employees who worked in excess of eight (8) hours in a work day and/or more than forty (40) hours in a workweek;

ii.    Whether Defendants also violated Labor Codes sections 200, 1194, and 1197 for failing to pay minimum wages for time spent under the Defendants' control and working "off the clock" without pay;

iii.    Whether Defendant violated Labor Code sections 226.7, 512 and applicable IWC Wage Order by failing to provide statutorily compliant 30 minute meal periods to Non-Exempt Employees on days in which they worked in excess of 5 hours and   failing to compensate said employees one hour wages in lieu of meal periods;

iv.    Whether Defendant violated Labor Code section 226.7 and applicable IWC Wage Orders by failing to authorize and permit minimum 10 minute rest periods to Non-Exempt Employees for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

v.    Whether Defendant violated Labor Code section 2802 and applicable IWC Wage Orders for failing to indemnify employees for the expenditures incurred as a direct consequence and/or in the performance of their job duties );

vi.    Whether Defendants violated section 246 of the Labor Code by failing to pay the

- 8 -

FIRST AMENDED CLASS ACTION COMPLAINT

13

1   correct sick pay compensation when Class Members took sick leave;

2      vii.     Whether Defendant violated sections 201-203 of the Labor Code by failing to pay

3        all earned wages and/or premium wages due and owing at the time that any Class

4        Members' employment with Defendant terminated including the correct sick pay;

5      viii.     Whether Defendant violated sections 226 of the Labor Code and applicable IWC

6        Wage Orders by failing to, among other violations, maintain accurate records of Non-

7        Exempt Employees' earned wages, work periods, meal periods and deductions;

8      ix.     Whether Defendant violated section 17200 *et seq.* of the Business and Professions

9        Code through their violation of the above-referenced Labor Code and Civil Code sections

10      and applicable IWC Wage Orders which violation constitutes a violation of fundamental

11      public policy.

**C. Typicality**

35.    The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D. Adequacy of Representation**

36.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E. Superiority of Class Action**

37.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policy and/or practice herein complained of.

38.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

- 9 -

FIRST AMENDED CLASS ACTION COMPLAINT

14

1 | Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this
2 | action that would preclude its maintenance as a class action.

3 | **VI.**

**CAUSES OF ACTION**

4

5 | **First Cause of Action**
Failure to Pay Lawful Wages Including Minimum and/or Overtime Wages
(Lab. Code §§ 510, 1194 1199)
(Against All Defendants)

6

7

8 | 39.    Plaintiff repeats and incorporates herein by reference each and every allegation

9 | set forth above, as though fully set forth herein.

10 | 40.    As alleged herein, during the statutory liability period, Defendant's policies,

11 | practices and work shift requirements resulted in Plaintiff and Non-Exempt Employees working

12 | "off the clock" and not receiving compensation for all earned wages including overtime in

13 | violation of California state wage and hour laws.

14 | 41.    As alleged herein, during the statutory liability period, Defendant's policies

15 | and/or practices resulted in Plaintiff and Non Exempt Employees working in excess of eight (8)

16 | hours in a workday and/or forty (40) hours in a workweek without receiving the proper

17 | compensation at the rate of time and one-half (1 1/2) of such employee's correct regular rate of

18 | pay.

19 | 42.    As alleged herein, during the statutory liability period, Defendant's policies

20 | and/or practices resulted in Plaintiff and Non Exempt Employees not receiving minimum wages

21 | for time spent under Defendants' control and working off the clock  without pay. Labor Code

22 | §1197 provides that employees are to be paid minimum wage for each hour worked, and cannot

23 | be averaged the minimum and the payment of a lesser wage than the established is unlawful.

24 | 43.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

25 | described herein and below.

26 | **Second Cause of Action**
Failure to Provide Lawful Meal Periods
Or Compensation in Lieu Thereof
(Lab. Code §§226.7, 512, IWC Wage Orders)
(Against All Defendants)

27

28

- 10 -

FIRST AMENDED CLASS ACTION COMPLAINT

44.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

45.     As alleged herein, by their failure to provide  Plaintiff and Non Exempt Employees a  30 minute uninterrupted meal periods by the end of the fifth hour for days on which Non-Exempt employees work(ed) work periods in excess of 5 hours and/or a second uninterrupted 30 minute meal period by the end of the tenth hour on days in which they worked in excess of 10 hours and not providing compensation for such statutorily non-compliant meal periods, Defendants violated the provisions of Labor Code §512 and applicable IWC Wage Orders.

46.     By failing to record and maintain adequate and accurate time records according to sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid meal period compensation due Plaintiff and Class Members.

47.     As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code §226.7.

48.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Third Cause of Action**
Failure to Provide Rest Periods
Or Compensation in Lieu Thereof
(Lab. Code §§226.7, IWC Wage Orders)
(Against All Defendants)

49.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

50.     As alleged herein, by their failure to provide a minimum ten (10) minute rest period for every four hours or major fraction thereof worked per day by Non Exempt Employees, and failing to provide compensation for such non-provided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and IWC applicable

FIRST AMENDED CLASS ACTION COMPLAINT

1  Wage Orders.

2      51.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

3  represent have been deprived of premium wages in amounts to be determined at trial, and are

4  entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code

5  §226.7.

6      52.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

7  described herein and below.

**Fourth Cause of Action**
Failure to Reimburse Employee Expenses
(Lab. Code § 2802)
(Against All Defendants)

10      53.    Plaintiff repeats and incorporates herein by reference each and every allegation

11  set forth above, as though fully set forth herein.

12      54.    As alleged herein, by their policy and/or practice of not providing adequate

13  reimbursement for expenses incurred by Plaintiff and  Non Exempt Employees as a direct

14  consequence of their job duties,  Defendants willfully violated the provisions of Lab. Code §

15  2802.

16      55.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

17  represent are entitled to recovery of full amount of expenses incurred plus interest, attorneys'

18  fees, and costs, under Labor Code§ 2802.

19      56.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

20  described herein and below.

**Fifth Cause of Action**
Failure to Pay Correct Sick Pay Compensation
(Lab. Code §246, 218.5 IWC Wage Orders)
(Against All Defendants)

24  57. Plaintiff incorporates by reference and realleges every allegation contained above, as

25  though fully set forth herein.

26  58. Labor Code section 246(l) requires that employers pay sick time pay to non-exempt

27  employees at the employee's regular rate of pay.

28      59.    As alleged herein, Defendants failed to compute the correct amount of sick pay

paid    to    Plaintiff    and    Class    Members    in    conformance    with    Lab. Code    246(1)    by    paying

FIRST AMENDED CLASS ACTION COMPLAINT

1    at the employee's base hourly rate and not the  regular rate of pay; thus paying a lower rate of

2    sick pay compensation.

3        60.    Under California law, sick pay is considered wages and Defendants owe Plaintiff

4    and affected Class Members unpaid sick pay wages.

5        61.    WHEREFORE, Plaintiff and the Class he seeks to represent, request relief as

6    described herein and below.

7                              **Sixth Cause of Action**
                    Failure to Timely Pay Wages During Employment
8                              (Lab. Code § 204)
9                              (Against All Defendants)

10        62.    Labor Code section 204 requires that all wages are due and payable twice in each

11    calendar month. The wages required by Labor Code §§ 226.7, 510, 1194, 1197 and other

12    sections became due and payable to Plaintiff and Class Members in each month that he or she

13    was not paid all lawful wages owed or provided with lawful meal period or rest period to which

14    he or she was entitled. Defendants violated Lab. Code §204 by failing to pay said wages when

15    they were due and payable.

16        63. Labor Code section 210 (a) provides that "In addition to, and entirely independent

17    and apart from, any other penalty provided in this article, every person who fails to pay the

18    wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205,

19    205.5, and 1197.5, shall be subject to a penalty as follow:

20        (1) For any initial violation, one hundred dollars ($100) for each failure to pay each

21    employee.

22        (2) For each subsequent violation, or any willful or intentional violation, two hundred

23    dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully

24    withheld.

25        64.    As a result of the unlawful acts of Defendants alleged herein, Plaintiff and the

26    Class he seeks to represent have been deprived of wages in amounts to be determined at trial, and

27    are entitled to recovery of such amounts, plus interest and penalties.

28        65.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

- 13 -

FIRST AMENDED CLASS ACTION COMPLAINT

1   described herein and below.

**Seventh Cause of Action**
Failure to Timely Pay Wages Due At Termination
(Lab. Code §§ 201-203)
(Against All Defendants)

66.   Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

67.   Sections 201 and 202 of the California Labor Code require Defendant to pay its employees all wages due within 72 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

68.   As alleged herein, affected class members are entitled to compensation for all forms of wages earned, including, overtime compensation, minimum wage, correct sick pay wages and compensation for non provided rest and meal periods but to date have not received such compensation therefore entitling them Labor Code section 203 penalties.

69.   More than 30 days have passed since Plaintiff and affected Class Members have left Defendants' employ, and on information and belief, have not received payment pursuant to Labor Code §203.  As a consequence of Defendant's willful conduct in not paying all earned wages, certain Class Members are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to pay legal wages.

70.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Eighth Cause of Action**
Knowing and Intentional Failure to Comply With Itemized Employee
Wage Statement Provisions
(Lab. Code § 226(b))
(Against All Defendants)

71.   Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein

72.   Section 226(a) of the California Labor Code requires Defendant to itemize in wage statements all deductions from payment of wages and to accurately report total hours

- 14 -

FIRST AMENDED CLASS ACTION COMPLAINT

1 | worked by Plaintiff and the members of the proposed class. IWC Wage Orders require

2 | Defendant to maintain time records showing, among others, when the employee begins and ends

3 | each work period, meal periods, split shift intervals and total daily hours worked in an itemized

4 | wage statement, and must show all deductions and reimbursements from payment of wages, and

5 | accurately report total hours worked by Plaintiff and the members of the proposed class.  On

6 | information and belief, Defendant has failed to record all or some of the items delineated in

7 | Industrial Wage Orders and Labor Code §226

8 |       73.    As alleged herein, Plaintiff and Class Members have been injured by Defendant's

9 | actions by rendering them unaware of the full compensation to which they were entitled under

10 | applicable provisions of the California Labor Code and applicable IWC Wage Orders.

11 |       74.    Pursuant Labor Code §226, Plaintiff and Class Members are entitled up to a

12 | maximum of $4,000.00 each for record-keeping violations.

13 |       75.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

14 | described herein and below.

**Ninth Cause of Action**
Violation of Fair Credit Reporting Act,
(15 U.S.C. §1681 *et seq.*
Against All Defendants

76. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein

77. As set forth above, Defendant violated the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681(b)(2)(A) by not adhering to the statutory requirements prior to obtaining a consumer report on Plaintiff and Class Members for employment purposes.

78. Defendants acted willfully in violating the requirements of the FCRA by, among other things, failing to provide Plaintiff and Class Members clear and conspicuous notice of the type of background check to be performed by Defendants.

79. Defendants acted willfully in violating the requirements of the FCRA by, among other things, requiring Plaintiff and Class Members to execute one document which purports to provide notice  of the background check to be performed and which contained contradictory information and failed to clearly and accurately disclose the type of

- 15 -

FIRST AMENDED CLASS ACTION COMPLAINT

20

1    investigative consumer to be obtained by Defendant.

2    80. Plaintiff and Class Members have been deprived of their consumer rights and prevented

3    from making informed decisions about whether to permit Defendants to obtain their personal

4    information and  have been injured by the violation of their privacy and statutory rights

5    as a result of Defendant's procurement of credit and background reports in violation of

6    the FCRA.

7    81. As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

8    represent are entitled to statutory damages pursuant to 15 USC §1681 plus attorneys'

9    fees, and costs.

10    82. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

11    herein and below

**Tenth Cause of Action**
Violation of CCRAA
(Cal. Lab. Code 1024.5; Civ. Code §1785 *et seq.*)
(Against All Defendants)

15    83. Plaintiff repeats and incorporates herein by reference each and every allegation set forth

16    above, as though fully set forth herein.

17    84. Defendants violated Lab. Code §1024.5 by unlawfully attempting to obtain a credit

18    check on Plaintiff and Background Check Class for employment purposes.  As per Lab.

19    Code §1024.5, Plaintiff and Class Members are not within the category of employees for

20    whom an employer or prospective employer may use a consumer credit report for

21    employment purposes.

22    85. Defendants violated the Consumer Credit Reporting Agencies Act, Civil Code section

23    1785, *et seq.* ("CCRAA") by not providing the proscribed written notice to Plaintiff and

24    Class Members  including but not limited to, identifying the specific basis under Lab.

25    Code §1024.5 for use of the report for employment purposes prior to obtaining credit

26    reports for Plaintiff and Class Members. Defendant's violation of the CCRAA was and

27    is willful and/or grossly negligent.

28    86. Plaintiff and Class Members  have been deprived of their consumer rights and prevented

from making informed decisions about                  whether to permit Defendants to obtain

- 16 -

FIRST AMENDED CLASS ACTION COMPLAINT

21

1  their personal information and have been injured by the violation of their privacy and

2  statutory rights as a result of Defendant's procurement of credit and background

3  reports in violation of the CCRAA.

87. As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

represent seek all available remedies pursuant to Civ. Code § 1785.3 including statutory

damages and/or actual damages, attorneys' fees and costs..

88. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

herein and below.

### Eleventh Cause of Action
Violation of ICRAA
(Civ. Code §1786 *et seq.*)
(Against All Defendants

89. Plaintiff repeats and incorporates herein by reference each and every allegation set forth

above, as though fully set forth herein.

90. As set forth above, Defendant willfully violated the Investigative Consumer Reporting

Agencies Act, Civil Code section 1786, *et seq.* ("ICRAA") by, among other things,

not providing the appropriate statutory notice to Plaintiff and Class Members in a

stand alone document prior to performing a background check in attempts to obtain an

investigative consumer report.

91. All alleged herein, the purported disclosure form utilized by Defendants does not

provide clear and unambiguous disclosures in stand-alone documents thus failing to

meet the requirements under the ICRAA. Defendants' conduct in violation of ICRAA

was and is willful and/or grossly negligent.

92. Defendant acted willfully in violating the requirements of the ICRAA by, among

other things, requiring Plaintiff and Class Members to execute the background check

to be performed and failed to clearly and accurately disclose the type of investigative

consumer to be obtained by Defendants in a stand alone document.

93. Plaintiff and Class Members have been deprived of their consumer rights and prevented

from making informed decisions about whether to permit Defendant to obtain their

personal information and have been injured by the violation of their privacy and

- 17 -

FIRST AMENDED CLASS ACTION COMPLAINT

22

statutory rights as a result of Defendant's procurement of credit and background reports in violation of the ICRAA

94. As a result of the unlawful acts of Defendant, Plaintiff and the Class he seeks to represent seek all available remedies pursuant to Civ. Code § 1786.50 including statutory damages and/or actual damages, attorneys' fees and costs

### Twelfth Cause of Action
Violation of Unfair Competition Law
(Bus. & Prof. Code, §§ 17200-17208)
<u>(Against All Defendants)</u>

95.        Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

96.        Business & Professions Code Section 17200 provides:

> As used in this chapter, unfair competition shall mean and include any ***unlawful***, ***unfair*** or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.) (Emphasis added.)

97.        Defendants' violations of the Labor Code and Wage Order provisions set forth above constitute unlawful and/or unfair business acts or practices.

98.        The actions of Defendants, as alleged within this Complaint, constitute false, fraudulent, unlawful, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code section 17200, *et seq.*

99.        Plaintiff and Class Members have been personally aggrieved by Defendant's unlawful and unfair business acts and practices alleged herein.

100.        As a direct and proximate result of the unfair business practices of Defendant, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to restitution of all wages which have been unlawfully withheld from Plaintiff and members of the Class as a result of the business acts and practices described herein

101.        WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

### Thirteenth Cause of Action

- 18 -

FIRST AMENDED CLASS ACTION COMPLAINT

23

Labor Code Private Attorneys General Act
(Cal. Labor Code §2699 *et seq.*)
<u>(Against All Defendants)</u>

102.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

103.    Plaintiff brings these claims for civil penalties as a representative action on behalf of himself and all Non Exempt Employees employed by, or formerly employed by Defendant in the state of California during the applicable liability period under Lab. Code §2699.

104.    Plaintiff gave written timely notice by certified mail to the Labor and Workforce Development Agency (the "Agency") on or about December 19, 2023 and the employer of the specific provisions of the California Labor Code alleged to have been violated as required by Lab. Code §2699.3.  Plaintiff did not receive a response from the Agency within the proscribed time period.

105.    The policies, acts and practices of Defendant, heretofore described give rise to statutory penalties including but not limited to Labor Code sections 201, 202, 203, 204, 226, 210, 226.7, 246, 510, 512, 558, 1194, 1198, 1199, 2802 through Defendants' failure to pay all wages earned, failure to provide proper meal periods, failure to provide proper rest periods, failure to provide proper sick pay wages, failure to timely pay wages, and failure to provide accurate wage statements to Plaintiff and other similarly situated aggrieved employees.

106.    Plaintiff as an aggrieved employee hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act on behalf of himself and other current and former employees of Defendant against whom one or more of the violations of the Labor Code was committed during the applicable period.

## VII.

## <u>PRAYER</u>

WHEREFORE, Plaintiff prays for judgment as follows:

1.  That the Court determine that this action may be maintained as a class action;

2.  For compensatory damages in an amount according to proof with interest thereon;

3.  For economic and/or special damages in an amount according to proof with interest

- 19 -

FIRST AMENDED CLASS ACTION COMPLAINT

thereon;

4. For premium wages pursuant to Labor Code §§ 226.7 and 512;

5. For premium pay and penalties pursuant to Labor Code §§203, 204;

6. For attorneys' fees, interests and costs of suit under Labor Code §§ 218.5, 225, 1194, 2699, 2802

7. For actual and/or statutory damages pursuant to Civ. Code §§1785 *et seq*;

8. For actual and/or statutory damages pursuant to 15 U.S.C. §§ 1681 *et seq;*

9. For actual and/or statutory damages pursuant to Civ. Code §§1786 *et seq*

10. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: February 22, 2024          **JAMES HAWKINS, APLC**

James R. Hawkins
Isandra Y. Fernandez
Kacey E. Cook
Attorneys for Plaintiff
Alex Alberto Prado

- 20 -

FIRST AMENDED CLASS ACTION COMPLAINT

25