# EXHIBIT A

**STANDING ORDER FOR
MAGISTRATE JUDGE DONNA M. RYU**
(Revised July 20, 2022)

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this Standing Order. Failure to comply may result in monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

**CALENDAR DATES AND SCHEDULING**

1.      Civil motions normally are heard on the second and fourth Thursdays of the month at 1:00 p.m. Criminal motions are heard on the duty calendar when Judge Ryu is on criminal calendar duty. During non-duty months, criminal motions must be set through the courtroom deputy. Civil case management conferences are heard on the first, third, and fifth Wednesdays of the month at 1:30 p.m.

2.      Parties should notice motions (other than discovery motions) pursuant to the local rules. Parties need not reserve a hearing date, but should confirm availability at http://www.cand.uscourts.gov by consulting Judge Ryu's calendar and scheduling notes. The court may reset hearing dates as needed. Parties seeking to enlarge or shorten time for a filing deadline by filing a motion to change time pursuant to Civil L.R. 6-3 must file the motion in advance of the filing deadline, rather than on the day a filing is due. Motions to change time must be accompanied by a proposed order and declaration conforming to the requirements in Civ. L.R. 6-3(a). Requests that, in effect, do not leave at least two weeks between the filing of the last brief and the scheduled hearing date are routinely denied.

3.      For scheduling questions, please contact Judge Ryu's courtroom deputy, Ivy Garcia, at dmrcrd@cand.uscourts.gov.

**CONSENT CASES**

4.      In civil cases that are randomly assigned to Judge Ryu for all purposes, each party should file a written consent to the assignment of a United States Magistrate Judge for all purposes, or written declination of consent, as soon as possible. If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion. In no event shall the consent or declination be filed later than the deadlines specified in Civil L.R. 73-1(a)(1) and (2).

**CHAMBERS COPIES AND PROPOSED ORDERS**

5.      Parties must lodge an extra paper copy of the following filings pursuant to Civil L.R. 5-1(d)(7): any of the motions listed under Civil L.R. 7-1(a) (except stipulations filed pursuant to Civil L.R. 7-12), motions for attorneys' fees filed under Civil L.R. 54-5, motions for temporary restraining orders filed under Civil L.R. 65-1, and discovery letter briefs. If a District Judge refers a discovery dispute to Judge Ryu for resolution, the parties must lodge a chambers copy of the referred discovery letter or motion. The filings should be marked as a copy for "**DMR Chambers**." All chambers copies should be double-sided (when possible), three-hole punched along the left side of the page, and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page. All

1

exhibits shall be clearly delineated with labels along the right side. If the filing includes exhibits over two inches thick, the parties shall place the chambers copy in a binder.

6.     Any stipulation or proposed order submitted by an e-filing party shall be submitted by email to dmrpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed. This address should only be used for this stated purpose unless otherwise directed by the court.

**CASE MANAGEMENT**

7.     No later than seven days before the initial case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Court's Standing Order for All Judges of the Northern District of California governing "Contents of Joint Case Management Statement," available on the Court's website.

8.     Parties may not continue a case management conference without court approval. Each party shall be represented in person (or on camera, in the case of a video conference) at the Case Management Conference by counsel (or a party if self-represented), who shall (1) be prepared to address all of the matters referred to in the Northern District of California's standing order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order. If the court schedules a Court Management Conference to occur in person, permission for a party to attend by telephone may be granted, in the court's discretion, upon written request made with reasonable advance notice if the court determines that good cause exists. The facts establishing good cause must be set forth in the request.

9.     All hearings and case management conferences are audio recorded. They are not necessarily reported by a court reporter. Parties may request a copy of audio recordings or transcriptions by following the procedures set forth at http://cand.uscourts.gov/transcripts.

10.    ECF Filings: All exhibits to motions and/or discovery disputes should be separately filed on ECF (for example, if the motion is Docket No. 30, and the declaration with 10 exhibits is Docket No. 31, Exhibit A would be filed as Docket No. 31-1, Exhibit B would be Docket No. 31-2, and so on). **All exhibits shall also be filed in a searchable OCR format where possible.**

11.    Motions to File Under Seal: Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents that is sealable under the governing legal standard. If a party wishes to file a document under seal, that party shall first file an administrative motion to seal in accordance with Local Rule 79-5.

The parties need not file paper copies of the administrative motion to seal with the clerk's office. The parties only need to submit chambers copies of the administrative motion to seal and related filings. Chambers copies should include all material — both redacted and unredacted — so that the chambers staff does not have to re-assemble the whole brief or declaration, although chambers copies should clearly delineate which portions are confidential (via highlighting). Chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded. If the parties wish to dispose of documents filed under seal in some other way,

they must expressly indicate as much in their sealing motion and make arrangements to pick up the documents upon disposition of the motion.

12.   Litigants and lawyers may provide their pronouns by filing a letter or adding the pronouns next to their names in their filings.

**CITATION TO UNPUBLISHED CASES**

13.   If a party cites an unpublished case, the court generally prefers Westlaw citations. If the Westlaw citation cannot be provided, the party should include the case number, court name, and exact date of publication in the citation.

**DISCOVERY**

14.   In order to respond to discovery disputes in a flexible, cost-effective and efficient manner, the court uses the following procedure.  The parties shall not file formal discovery motions.  Instead, as required by the federal and local rules, the parties shall first meet and confer to try to resolve their disagreements.  The meet and confer session must **be in person or by video or telephone**, and may not be conducted by letter, e-mail, or fax.  If disagreements remain, the parties shall file a joint letter **no later than five business days** after the meet and confer session, unless otherwise directed by the court.  **Lead trial counsel for both parties must sign the letter**, which shall include an attestation that the parties met and conferred in person, by video, or by telephone regarding all issues prior to filing the letter.  **The letter must also include a paragraph listing relevant case management deadlines**, including (1) the fact and expert discovery cut-off dates; (2) the last day to hear or file dispositive motions; (3) claim construction or class certification briefing deadlines and hearing dates; and (4) pretrial conference and trial dates.  **Going issue-by-issue**, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and **provide each party's final proposed compromise before moving to the next issue.**  The joint letter shall not exceed **five** pages (12-point font or greater; margins no less than one inch) without leave of court.  **Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments.**  In the rare instance that a joint letter is not possible, each side may submit a letter not to exceed **two** pages, which shall include an explanation of why a joint letter was not possible.  The parties shall submit one exhibit that sets forth each disputed discovery request in full, followed immediately by the objections and/or responses thereto.  No other information shall be included in the exhibit.  No other exhibits shall be submitted without prior court approval.  The court will review the submission(s) and determine whether formal briefing or proceedings are necessary.  **Discovery letter briefs must be e-filed under the Civil Events category of Motions and Related Filings > Motions - General > "Discovery Letter Brief".**

15.   The court expects counsel to appear in person at discovery hearings, or on camera if the hearing is conducted by video.  This provides the opportunity to fully engage counsel in resolving aspects of the dispute.  If the court sets an in-person discovery hearing, permission to attend by telephone may be granted upon advance written request if the court determines that good cause exists.  The facts establishing good cause must be set forth in the request.

16.   If parties believe a **protective order** is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at http://cand.uscourts.gov/model-protective-orders).  Parties

3

shall file one of the following with their proposed protective order: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable.  All protective orders, including the model protective order, must be modified to reflect Judge Ryu's standing order on judicial intervention in discovery disputes.  If the parties use one of the model stipulated protective orders, they must modify section 6.3 by striking the remainder of the paragraph after "If the Parties cannot resolve a challenge without court intervention" and adding "the Parties shall follow the procedures for resolving discovery disputes set forth in Magistrate Judge Donna M. Ryu's standing order and present the dispute in a joint letter to the court" or words to that effect.

17.    If a party withholds responsive information by claiming that it is privileged or otherwise protected from discovery, that party shall produce a **privilege log** as quickly as possible, **but no later than fourteen days after its disclosures or discovery responses are due**, unless the parties stipulate to or the Court sets another date.  Privilege logs must be sufficiently detailed for the opposing party to assess whether the assertion of privilege is justified.  Unless the parties agree to alternative logging methods, the log should include: (a) the title and description of the document, including number of pages or Bates-number range; (b) the subject matter addressed in the document; (c) the identity and position of its author(s); (d) the identity and position of all addressees and recipients; (e) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and (f) the specific basis for the claim that the document is privileged or protected.

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.  Failure to timely furnish a privilege log may be deemed a waiver of the privilege or protection.

**CLASS ACTION SETTLEMENTS**

18.    In connection with motions for approval of class settlements, the parties should consult the Northern District's Procedural Guidance for Class Action Settlements and must file Post-Distribution Accounting Reports in accordance with the Guidance.  *See* www.cand.uscourts.gov/ClassActionSettlementGuidance.

**SELF REPRESENTED (PRO SE) PARTIES**

19.    Parties representing themselves should visit the Quick Link titled "If You Don't Have a Lawyer" on the Court's homepage, http://cand.uscourts.gov/pro-se-litigants. The link discusses the Court's "Legal Help Center" for self-represented parties and provides addresses and contact information for the three branches, which are located in the San Francisco, Oakland and San Jose courthouses.

//

//

//

**LAWYER DEVELOPMENT**

20.     The court strongly encourages parties to contribute to the development of the bar by permitting less experienced lawyers and lawyers from historically under-represented groups to argue motions, have a significant participatory role in settlement conferences, and examine witnesses at trial.

IT IS SO ORDERED.

_____
DONNA M. RYU
United States Magistrate Judge